42722.   LITTLEJOHN v. CITY COUNCIL OF AUGUSTA.

ARGUED APRIL 3, 1967—DECIDED APRIL 24, 1967.

*Franklin H. Pierce,* for appellant.

*Henry J. Heffernan,* for appellee.

FELTON, Chief Judge.   The only enumeration of error in this appeal which is argued and insisted on is whether the trial judge

erred in admitting testimony of comparable sales of parcels of land within the urban renewal area, the purpose of which testimony was to show that the market value of the property sought to be condemned was less than the market value contended for by the condemnee. The admission of the testimony for such general purpose was timely and properly objected to by condemnee's attorney and the objections were overruled and the testimony was admitted for the general purpose for which it was introduced. Near the very last of the charge the court charged the jury as follows: "I charge you further, gentlemen of the jury, that you have heard the testimony of expert witnesses both for the plaintiff and the defendant in this case, and they have testified regarding the sales price of other properties regarded by them to be comparable to the property in this case. I charge you that the testimony of these expert witnesses as to these sales should not be taken or considered by you as evidence of the actual market value of the property being condemned but solely for the purpose of determining how well qualified the expert witnesses may have been when they gave their opinion as to the market value of the property in question." The effect of this charge was to reverse the ruling on the admissibility of the testimony objected to by the condemnee and to sustain the condemnee's objection to the testimony, the only objection being that the testimony was inadmissible for the general purpose for which it was offered. If the court had ruled at the time the testimony was objected to that it was not admissible for the general purpose for which it was offered but it would be admitted for the limited purpose of testing the qualifications of the expert witness it would have been incumbent upon counsel for the condemnee to interpose an objection to the admission of the testimony for the limited purpose stated by the court; otherwise he would have acquiesced in the ruling and waived his objection. The court's charge, above quoted, had the effect of sustaining the objection of the condemnee to the testimony but declaring it admissible for the limited purpose. In such circumstances we think that it was incumbent upon the condemnee to except to the court's admission of the testimony in the charge for the limited purpose and to enumerate the charge as error, for which provision is clearly made by the Appellate Procedure Act. The con-

648

demnee took her chances on the outcome of the trial without objecting to the limited consideration of the testimony and is now precluded from urging the point.

The court did not err in rendering the judgment complained of or in overruling the amended motion for a new trial.

*Judgment affirmed. Hall and Eberhardt, JJ., concur.*