### 45070. BOWERS v. FULTON COUNTY.

PANNELL, Judge. 1. While in *Bowers v. Fulton County,* 221 Ga. 731, 738 (146 SE2d 884), it is said: "The constitutional provision [Art. I, Sec. III, Par. I of the Georgia Constitution; *Code Ann.* § 2-301] is susceptible to no construction except the condemnee is entitled to be compensated for all damage to his property and expense caused by the condemnation proceedings," this ruling has no application to expenses of litigation and attorney's fees. See Dohany v. Rogers, 281 U. S. 362, 368 (50 SC 299, 74 LE 904, 68 ALR 434), in which it is held: "Attorneys' fees and expenses are not embraced within just compensation for land taken by eminent domain." 30 CJS 442, Eminent Domain, § 386; 4 Nichols, Eminent Domain, p. 704, § 14.249 [4]. See also *State Hwy. Dept. v. Smith,* 219 Ga. 800 (136 SE2d 334). Expenses of litigation and attorneys' fees in this State can only be recovered when provided by statute. See *Adams v. Aycock,* 11 Ga. App. 793 (76 SE 161). There is no statutory provision for the payment of attorney's fees and expenses of litigation in condemnation cases. Therefore, the trial court did not err in refusing to admit in evidence matters relating to the

condemnee's expenses of litigation and attorney's fees paid and to be paid to his attorney.

2. Where a request to charge is made to the court and the request is refused, in all matters on appeal relating to refusal to give such request, the request shall be considered as a whole and not by its separate parts. See *Western Union Tel. Co. v. Owens*, 23 Ga. App. 169 (5) (98 SE 116); *Mayor &c. of Savannah v. Centennial Mill Co.*, 46 Ga. App. 725 (1) (169 SE 40). Accordingly, an enumeration of error that the refusal to charge *a portion* of a single request to charge, the enumeration being clearly based on the failure to charge a request and there being no request of record to charge just that portion raises no question to be decided by this court. We cannot consider an enumeration of error on a failure to charge a portion of a single request as there can be no error in this regard except for the failure to charge the entire request. If there had been an enumeration of error that the court failed to charge the particular principle, another question might be presented. To permit this enumeration to be considered would be to permit one to present a request erroneous in part and claim that the trial court erred in failing to give a request to charge the part that was correct. This he cannot do.

3. The trial court did not err, in the absence of a proper request, in failing to define for the jury what is meant by "unique and special economic value to the owner of the property taken and damaged." See *Western Union Tel. Co. v. Ford*, 10 Ga. App. 606 (5) (74 SE 70).

4. There was no error in refusing to permit the condemnee to testify or to state that his business was *permanently* damaged because of the taking of the property upon which it was carried on, as this testimony is a mere conclusion of the witness. See *Alabama Power Co. v. Chandler*, 217 Ga. 550 (1) (123 SE2d 767).

5. Complaints as to the court's charges in enumeration of error numbers 6, 7 and 8 will not be considered as the condemnee made no objection to such charges in the lower court as required by law. *King v. Adams*, 113 Ga. App. 708 (1) (149 SE2d 548); *Sakobie v. State*, 115 Ga. App. 460 (3) (154 SE2d 830).

6. Where a witness for the condemnor, on direct examination, testified as to his opinion of the value of the property sought to be condemned, and testified that this opinion was derived from his consideration of sales of other properties in the neighborhood, there was no error in permitting the witness to testify in support of his opinion as to the various properties which he considered, describing them fully and stating the sale prices, over the objection that the trial judge had not made a preliminary ruling as to the comparability of the properties described and used by the witness in forming his opinion, to that of the property sought to be condemned. See *Lewis v. State Hwy. Dept.*, 110 Ga. App. 845, 847 (140 SE2d 109); *State Hwy. Dept. v. Parker*, 114 Ga. App. 270, 275 (150 SE2d 875). The testimony was not admitted as primary evidence of the fact, but for the jury to judge therefrom the credit to be given the witness's testimony. See *Clemones v. Alabama Power Co.*, 107 Ga. App. 489 (130 SE2d 600).

7. The question at issue in the present case was damage to a business, or as contended by the appellant, damages to the earning capacity of a business. While the jury found the business was a sole proprietorship, this does not make the damage to the earning capacity of the business a damage to the earning capacity of the appellant. It follows, therefore, that the mortality tables, which might relate to the lifespan of the appellant, could not be properly considered by the jury in determining the damage done to the business and there was no error in refusing to admit the same in evidence.

8. Testimony given on the previous trial by an appraiser employed by the condemnor to make an appraisal of the value of the property, that he was employed by one of the condemnors to make such appraisal is not admissible in evidence where such testimony is sought to be used by the condemnee in the subsequent trial of the case. *Logan v. Chatham County*, 113 Ga. App. 491 (2) (148 SE2d 471). Where, as in the present case, the appellant sought to introduce in evidence as a whole, the entire previous testimony of such a witness, on the ground the witness was inaccessible, and a portion of this testimony was objectionable for the reasons given above, the trial court should

not be reversed for denying its admission in evidence, nor was the testimony of such appraiser given on the previous trial admissible on the theory that the condemnor, who had used such witness in a prior trial of the case, was legally bound to use such witness, who had given a higher evaluation of the property than the other witnesses used by the condemnor, because the burden of proof was on the condemnor. The condemnor meets this burden as soon as it introduces evidence of value. *Georgia Power Co. v. Brooks*, 207 Ga. 406, 411 (62 SE2d 183).

9. "'A request to charge the jury, directed to the trial judge, submitted in writing before the retirement of the jury, must be entirely correct and accurate; it must be adjusted to the pleadings, the law, and the evidence in the case; it must not be argumentative; and it must not seek an expression of opinion on the part of the trial judge.' *New York Life Ins. Co. v. Thompson*, 50 Ga. App. 413 (1) (178 SE 389); *McKinney v. Woodard*, 94 Ga. App. 340 (1) (94 SE2d 620); *Childers v. Ackerman Const. Co.*, 211 Ga. 350 (1) (86 SE2d 227)." *King v. Ellis*, 104 Ga. App. 335, 336 (121 SE2d 815). Appellant's request to charge number 5 contained a statement that the business conducted on the condemned premises was a business conducted by the appellant individually when there was evidence in the case from which the jury could have found that the business was conducted by a corporation, not a party to the case, of which the appellant and his wife were sole stockholders. There was no error in refusing to give this request under these circumstances.

10. Where a question was asked a witness ·by the appellant and the appellee objected to the answer given and in the course of the discussion between the court and counsel the court remarked that the answer sought would be *pure speculation* but finally admitted the testimony objected to, and no objection was made to the remark of the court and no request made that he instruct the jury to disregard the same, this court will not consider an enumeration of error based on such remark.

11. The trial court did not err in permitting the appellant to be cross examined as to certain tax returns made by him showing the profits of the business as income to a corporation, and a

return by himself and his wife showing the corporate income distributed to them ás stockholders. Since the appellant was claiming damages done to the business and was seeking recovery therefor as an individual, these tax returns and the cross examination of the appellant were proper matters for consideration by the jury of the issues thus made.

12. Appellant sought to introduce testimony as to the market value of a parcel of property in the same neighborhood as that being condemned together with the cost of grading the property to adapt it to the construction of a building for use by the condemnee and his business, it being the only property which was on the market in the neighborhood and, therefore, the only property available, although there was other property in the neighborhood of considerably less market value and more comparable. There was no error in refusing to admit this testimony as it would shed no light on the value of the property sought to be condemned either as to ordinary market value or unique and special value to the condemnee.

Nor was there error in refusing to admit in evidence an option granted by the owner of the above property to the condemnee to purchase this property at a given price. An option to purchase is but an offer to sell and is not competent evidence of market value. See *Bowers v. Fulton County*, 221 Ga. 731, 741 supra; *Conant v. Jones*, 120 Ga. 568 (5) (48 SE 234).

13. The trial court charged the jury that in determining compensation to the condemnee for any damage to his business occurring as the result of the taking of the real estate on which the business was conducted, they were to find the difference between the market value of the business as it existed prior to the date of the taking of the property in question and the market value of the business in question. Error was enumerated on this charge on two grounds: (1) that the charge itself was not a proper measure of damages, and (2) that if it be a proper measure of damages, the trial judge should have then charged as to the difference in market value *immediately* before the taking and *immediately* after the taking. In *Bowers v. Fulton County*, 221 Ga. 731, supra (an appeal from the verdict rendered in the previous trial of this case), the Supreme Court held that the de-

struction of an established business is and must be a separate item of recovery. In discussing this question all allusions referred to "the value" of the business, and demonstrated that a business has a separate "value" from the real estate on which it is located. This opinion also dealt with the destruction of a business and not the mere damaging of a business without its complete destruction. In our opinion, if the business has suffered damage because of the taking of the real property upon which it is carried on, the correct measure of damages would be the difference in market value prior to and after the taking. While various elements, such as loss of profits, loss of customers or possibly what might be termed a decrease in the earning capacity of the business may all be considered in determining the decrease in value of the business, they represent no separate element of damage. It is our opinion, therefore, that the charge as given was a correct one and that the failure to use the word "immediately" in connection with the market value before and after the time of taking, if error, was not a harmful one as, considering the charge in its entirety, we do not think the jury was led to believe that values at any other time could be considered.

14. Assuming, without deciding, that tabulated statements made up from books and records already in evidence may themselves be admitted in evidence (see *Bible v. Somers Const. Co.*, 197 Ga. 671 (2) (30 SE2d 623); *Rymer v. Fidelity &c. Fire Corp.*, 81 Ga. App. 308 (58 SE2d 471); *Elder v. Atlanta-Southern Dental College*, 183 Ga. 634 (4) (189 SE 254)), yet where, as in the present case, the witness testified fully as to the figures in the tabulated statement made by him purportedly from books and records already in evidence, and was cross examined thoroughly thereon and admitted that some of his summaries were in error and was unable to explain how he arrived at one of the basic figures contained in the statement, we cannot say that the trial court abused its discretion in refusing to admit the statement in evidence for the consideration of a jury.

15. The evidence was amply sufficient to support the verdict. Other enumerations of error not herein specifically dealt with are either controlled by other enumerations herein considered or are otherwise without merit.

16. The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.*

ARGUED FEBRUARY 3, 1970—DECIDED MAY 6, 1970—
REHEARING DENIED JUNE 16, 1970—

*Houston White, Sr.,* for appellant.

*Harold Sheats, Paul H. Anderson, George Gillon,* for appellee.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Assistant Attorney General,* amicus curiae.