46320.   WILLIAMS v. STATE HIGHWAY DEPARTMENT.

ARGUED JUNE 4, 1971—DECIDED OCTOBER 20, 1971.

*Cumming, Nixon, Yow, Waller & Capers, Richard E. Allen,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, Larry H. Evans, Deputy Assistant Attorney General,* for appellee.

HALL, Presiding Judge. Two of condemnee's enumerations of error deal with the admission of testimony which she contends

concerned general benefits which would accrue to all landowners in the vicinity as a result of the public works. She contends that only special benefits may be set off against consequential damages to the remainder.

This is a correct statement of the law in its most general form. It leaves unanswered the distinction between general and special benefits and therefore the category in which the testimony fits.

When the first witness began to talk about the general improvement of the whole area, condemnee made an objection and the court sustained it, directing the jury to disregard the testimony. The second witness, however, was allowed to testify, over objection, concerning a drainage problem immediately affecting condemnee's land and that the improvements in question would certainly benefit this particular land by correcting the problem. He additionally testified concerning the serious flooding in the whole vicinity and said that the drainage project was "the finest thing that's happened."

Georgia cases have occasionally referred to general versus special benefits, but none has ever set out a test for distinguishing between them. Condemnee appears to contend that a benefit must be absolutely unique to a particular piece of property in order to be special. We cannot agree. Georgia cases have, without discussion, consistently allowed a setoff of benefits from streets, roads and viaducts, for example, which affect countless abutting owners. See *City of Atlanta v. Nelson,* 142 Ga. 324 (82 SE 899); *State Hwy. Bd. v. Bridges,* 60 Ga. App. 240 (3 SE2d 907); *Muecke v. City of Macon,* 34 Ga. App. 744 (131 SE 124); *State Hwy. Bd. v. Coleman,* 78 Ga. App. 54 (50 SE2d 262).

In his well known treatise, Nichols quotes approvingly a definition from the Utah court: "Benefits are special which add anything to the convenience, accessibility and use of the property as distinguished from benefits arising incidentally out of the improvement and enjoyed by the public generally. The test is not whether it benefits one or more owners." Hempstead v. Salt Lake City, 32 Utah 261 (90 P 397).

Nichols himself says that special benefits ". . . result from physical changes in the land, from proximity to a desirable object, or in various other ways. . . A benefit does not cease to be special

because it is enjoyed by all the other residents in the immediate neighborhood or upon the same street." 3 Nichols, Eminent Domain, 68, 73, § 8.6203. He cites drainage projects as a typical example of that class of special benefits consisting of direct physical effects upon land. Id., P. 76.

Therefore, the trial court did not err in allowing the testimony. The jury was entitled to weigh against condemnee's loss of parking the benefits which would accrue to her upon the conversion of a single-lane, dirt road into a dual-lane paved road and the elimination of a drainage problem that periodically brought flooding within two feet of her doorstep. That others on the road gained a similar benefit does not turn it into a nebulous "general benefit," examples of which would be the increased general prosperity or aesthetic upgrading of the neighborhood, or the convenience of motorists passing through.

2. Condemnee also enumerates the court's charge on consequential damages to the remainder and its failure to give her requested charge. The gist of her contention is that the charge did not authorize the difference in the market value of the business before and after the taking as a *separate* item of damage, but only as an element to be considered in arriving at the value of the remainder before and after the taking. She relies on *Bowers v. Fulton County,* 221 Ga. 731 (146 SE2d 884, 20 ALR3d 1066).

In his ruling on the motion for new trial, the judge showed a clear grasp of the point at issue. He found that the facts here fell within the distinctions made between total destruction and mere damage to a business in *State Hwy. Dept. v. Hood,* 118 Ga. App. 720 (165 SE2d 601); *State Hwy. Dept. v. Noble,* 114 Ga. App. 3 (150 SE2d 174); and *Bowers v. Fulton County,* 122 Ga. App. 45 (176 SE2d 219). We will not attempt to improve upon the language of his ruling, a portion of which we shall quote: "In the absence of a showing of 'a special or unique value' to the owner, the damage to a business by a partial taking of the land is no basis for compensation, except evidence of such damage may be given to the jury to help establish market value of the property. When a partial taking damages a business, the market value of the remaining land is affected by the 'best use rule' and no 'special element of damage' is required. The resulting decrease in

market value of the remaining land is the consequential damage."

*Judgment affirmed. Eberhardt and Pannell, JJ., concur. Whitman, J., not participating because of illness.*