## 53706. DEPARTMENT OF TRANSPORTATION v. DENT et al.

BANKE, Judge.

The appellees own an auto dealership cum gas station in Jesup. In order to widen a street, the appellant condemned a small portion of the land upon which this business is located, and, dissatisfied with the appellant's appraisal, the appellees appealed to a jury for a determination of just and adequate compensation. The jury returned a verdict considerably in excess of the appellant's offer, and this appeal follows from the judgment entered thereon.

1. The appellant enumerates as error the admission in evidence of testimony by the appellees' accountant as to the reduction in the value of the appellees' business caused by the taking. In examination by the trial judge out of the presence of the jury, the witness made it clear that the business losses to which he testified were based primarily on severe inconveniences temporarily caused by the widening of the road. The witness stated that when construction was completed, business would probably return to normal.

The admission in evidence of the accountant's testimony constitutes reversible error. Damages caused by mere temporary inconvenience due to the construction of the project for which the property was taken is not a proper element for consideration in determining just and adequate compensation for condemned realty. *MARTA v. Datry,* 235 Ga. 568, 580 (220 SE2d 905) (1975); *State Hwy. Dept. v. Hollywood Baptist Church,* 112 Ga. App. 857 (2) (146 SE2d 570) (1965).

2. The appellant contends that the trial court erred in admitting testimony of two of the appellees' witnesses dealing with restoration costs of certain improvements which would allegedly be damaged by the taking. The appellant claims that the witnesses' opinions as to restoration costs did not take depreciation of the building into consideration.

Restoration costs alone are not necessarily the measure of compensation for damaged property. Where the value of the property increases because of the

restorations, then a depreciation factor should be applied to put the property owner back in the same condition that existed prior to the taking. *State Hwy. Dept. v. Murray,* 102 Ga. App. 210 (1) (155 SE2d 711) (1960). Here, however, there was evidence from which a jury could find that the restorations about which the two witnesses testified did not leave the property in better condition than it was in prior to the taking. Therefore, testimony as to the costs of the restoration was not erroneously admitted.

3. The trial judge instructed the jury that it could consider as a separate element of compensation any damages resulting from the destruction or removal of an established business by the condemnation. Although correct as an abstract principle of law (*Bowers v. Fulton County,* 221 Ga. 731, 739 (146 SE2d 884) (1966)), the charge was not supported by evidence since the business continued to operate at the same location. Furthermore, in the absence of a showing of a special or unique value to the owner, mere business losses caused by a partial taking of the land on which the business is located are not a separate element for compensation. Evidence of such losses may be submitted to the jury only to help establish the market value of the property taken. *Williams v. State Hwy. Dept.,* 124 Ga. App. 645 (2) (185 SE2d 616) (1971); *Bowers v. Fulton County,* 122 Ga. App. 45 (13) (176 SE2d 219) (1970), affd., 227 Ga. 814 (183 SE2d 347) (1971). Because it was not adjusted to the evidence, the jury instruction was erroneous. *Willard v. Willard,* 221 Ga. 2 (2) (142 SE2d 849) (1965).

4. There was evidence presented from which a jury could have determined that the appellees had failed to take reasonable steps to mitigate losses. Thus, it was error to refuse to charge on a condemnee's duty to minimize losses. See *Garber v. Housing Authority of Atlanta,* 123 Ga. App. 29 (3) (179 SE2d 300) (1970).

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

ARGUED, APRIL 11, 1977 — DECIDED APRIL 22, 1977.

*William A. Zorn, Arthur K. Bolton, Attorney General, Michael E. Hobbs, Assistant Attorney General,* for appellant.

*Bennet, Gilbert, Gilbert, Whittle, Harrell & Gayner, John M. Gayner, III,* for appellees.