## 54715. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY et al. v. PLY-MARTS, INC. et al.

SMITH, Judge.

MARTA appeals from a jury verdict and judgment setting the compensation to be awarded Ply-Marts, Inc., in a condemnation action. The appeal contends there were errors in the admission of evidence concerning damages for loss of profits, in the charge concerning these business losses, and in the charge concerning measurement of other damages. We find no reversible error and affirm the judgment.

This case originated when DeKalb County filed an action to condemn Ply-Marts' East Ponce de Leon Avenue property for use in MARTA's rapid rail transit route. A special master was appointed to hear evidence in the case, and he awarded Ply-Marts $259,900 total compensation. Both DeKalb County and Ply-Marts appealed portions of the award, requesting trial of the issue before a jury. Meanwhile, a condemnation order was entered; title in the property was vested in DeKalb County; interest in the

property was transferred to MARTA; and MARTA was then joined as a party in this action.

No fair summary of the lengthy evidence can be reported here. Basically, however, the evidence showed the nature of both Ply-Marts' original building supplies facility on East Ponce de Leon Ave. and its relocated facility. Ply-Marts' officials testified to their efforts to find a new location comparable to the old one, which was particularly desirable because of the market area and because the location was adjacent to railroad facilities. Extensive and detailed evidence was presented concerning the fair market value of the condemned property and concerning losses in profits, allegedly caused by Ply-Marts' forced relocation.

1. Several of the enumerations of error deal with the evidence and jury charge relating to Ply-Marts' claim for business losses.

MARTA contends that evidence of any losses in excess of the fair market value of the condemned property, including loss of business, is not even admissible until the owner has proved some special, peculiar, or unique feature of the property. This argument transforms a rule of sufficiency of evidence into a rule of admissibility. In *Bowers v. Fulton County,* 221 Ga. 731 (146 SE2d 884) (1966), our Supreme Court construed the Georgia Constitution to require that a business be compensated for all damages caused by the condemnation of the property on which the business was located, including damages caused by loss of profits and diminution of the business. Subsequent cases in this court have developed a uniqueness requirement. Generally stated, the rule is that the fair market value of the property will be the fair measure of compensation, and claimed loss of business will not be considered, unless the condemnee has proved that the condemned property has some unique or peculiar relationship to the condemnee and his business. e. g., *Dept. of Transportation v. Dent,* 142 Ga. App. 94 (235 SE2d 610) (1977); *City of Gainesville v. Chambers,* 118 Ga. App. 25 (162 SE2d 460) (1968). The rule does not conflict with *Bowers,* supra, by precluding recovery of losses caused by the condemnation. Instead, the rule creates a highly practical presumption which says that, as a matter of law,

business losses cannot be attributed to the condemnation unless the property had some uniqueness for the business.

Thus, evidence which does not establish uniqueness will not support an award for loss of profits or diminution of business. However, this does not mean, as MARTA contends, that evidence of such business losses is wholly inadmissible until after uniqueness has been proved. Whether the property is unique is a jury question. *Hinson v. Dept. of Transportation,* 135 Ga. App. 258 (217 SE2d 606) (1975). The jury trials in these condemnation cases are typically lengthy and complex (the trial in this case lasted five days and the transcript of evidence contains nearly 700 pages) and it likely would be clumsy and burdensome to require a condemnee first to prove uniqueness and then to follow up with evidence of losses. The trial court here followed the appropriate procedure when it admitted the proffered evidence relating to uniqueness and to business losses and charged the jury at the close of the evidence that it must find a unique relationship between this property and the condemnee's business before allowing loss of business damages. The charge was authorized by evidence which showed the value of Ply-Marts' original location adjacent to railroad facilities and the difficulties encountered in seeking similar facilities for relocation. This evidence of the particular advantages of the condemned property's location is not unlike that evidence which authorized business loss consideration in *Kessler v. Dept. of Transportation,* 142 Ga. App. 170 (235 SE2d 636) (1977).

2. Where evidence is admitted over objection and, on appeal, new grounds for objection are raised for the first time, those new grounds for inadmissibility are not reviewable. *Crider v. State,* 114 Ga. App. 522 (2) (151 SE2d 791) (1966). Nevertheless, we note briefly that the evidence of amount of business losses (Enumerations 2, 4, & 5) was not too indefinite or speculative, and the evidence of certain replacement costs (Enumerations 3, 6, & 7) was admissible, not as proof of a separate element of damage, but as explanation and proof of profit loss damages.

3. The remaining enumerations deal with the charge to the jury. First, we find no reversible error in the

trial court's failure to charge MARTA's request concerning the condemnee's duty to mitigate damages. It is true that a condemnee who seeks to recover profit losses must show that he took reasonable steps to minimize those losses. *Garber v. Housing Authority of the City of Atlanta,* 123 Ga. App. 29 (3) (179 SE2d 300) (1970). The transcript reflects extensive evidence showing the steps Ply-Marts took to minimize its losses. MARTA has pointed to no evidence, and we have found none, which shows otherwise. The evidence is so overwhelming to the effect that Ply-Marts took reasonable steps to minimize losses, we cannot conceive how MARTA was injured by the court's failure to charge that Ply-Marts had a duty to mitigate.

The trial court did not err in refusing MARTA's request to charge that the income-producing qualities and capabilities of the property were not the measure of damages. A review of the whole charge shows that it accurately instructed the jury in how to consider the evidence to arrive at the fair market value of the property. Likewise, in reaching this determination, the jury was properly allowed to consider whether Ply-Marts' leasehold interest in contiguous property would affect the market value of the condemned property.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

ARGUED OCTOBER 4, 1977 — DECIDED
JANUARY 5, 1978.

*Huie, Sterne, Brown & Ide, Terrence Lee Croft, Charles N. Pursley, Jr., Wendell K. Willard,* for appellants.

*Haas, Holland, Levison & Gibert, Richard N. Hubert, David L. Ross,* for appellees.