## 56542. DEPARTMENT OF TRANSPORTATION v. KENDRICKS et al.

BIRDSONG, Judge.

The Department of Transportation ("DOT") appeals the jury verdict and judgment based upon a claimed excess in a condemnation award. The appellees are the property owner and a leaseholder as intervenor. The facts show that in 1973, DOT obtained an easement on a narrow strip of land facing on Highway 301 running from south to north through the City of Jesup. The property owner was Ms. Kendricks and the intervenor, Clanton Motor Co., which rented the property from Ms. Kendricks. Prior to the taking in 1973, Clanton operated three separate businesses on the property, a Dodge dealership, a Case tractor and farm equipment business and a marine and motor boat business. Though the same salespersons

sold in all three businesses, the businesses were operated separately, with each maintaining separate financial accounts. A part of the leased premises was used to display cars, a second portion to display boats, and a third part for tractors and farm equipment. The same service building was used for all three businesses. Access to Clanton's business premises was available throughout the length of the frontage of Highway 301, the level of the property line being the same as the street level. The display of models by Clanton was clearly visible to passersby as they traveled along Highway 301. After the taking, the road bed of Highway 301 was lowered from a minimum of one foot at the upper or northern end of Clanton's leasehold to a maximum of over six feet at the lower or southern end of his premises. The easement taken by DOT constituted the slope from the new roadbed of Highway 301 to the new edge of Clanton's business premises. In addition, an access road was constructed along the top edge of the slope. The result of the slope and access road was that a substantial portion of Clanton's display area disappeared. In addition, because of the six foot bank between the roadbed and the newly elevated level of Clanton's display area, passersby could no longer see the displayed tractors, autos, and boats as easily. In fact, autos driving from the south to the north could not see the display area at all for a substantial part of the business premises. Clanton presented evidence that because of the limited display area he could no longer adequately show all three lines of his business, viz.: autos, boats, and tractors. As a result, Clanton testified that unless greater display area was provided for the tractors and other farm equipment, Clanton's franchise would be withdrawn. Mr. Clanton offered further evidence that he could not relocate his tractor business because of the prohibitive cost of relocation and establishing all the services presently offered at his present location. Clanton testified that in effect the tractor business had been destroyed. Though tractors were still present on the lot, Clanton was in the process of liquidating the inventory but at the same time attempting to minimize his losses. Real estate expert witnesses for both the condemnor and the condemnees testified as to the market value of the slope easement and

possible consequential losses to the freehold and leasehold. This varied from $750 actual decreased value with no consequential damage from the condemnor's witness to over $27,000 actual and consequential damages to the freehold and leasehold by the condemnee's witnesses. Evidence offered by Clanton showed an actual loss of business and consequential losses to the tractor and farm equipment business of over $100,000. In its discussions with counsel, the trial court indicated that the evidence of loss of business profits would be admitted for the limited purpose of establishing the value of the leasehold. However, in its charge to the jury, the trial court authorized the jury to return a verdict in favor of Clanton for destruction or loss of business. The jury returned a verdict in favor of the property owner, Ms. Kendricks, for $13,950 for actual and consequential damages flowing from the slope easement and a verdict of $27,550 in favor of Clanton for the easement and loss of business. DOT argues that the verdict is excessive in that it should be limited to the actual and consequential damages to the land which was shown to be just over $27,000 and that the evidence of business loss is pertinent only insofar as it pertains to damage to the property. In other words, DOT argues that the condemnees should be limited in their recovery to the actual and consequential damage to the real estate, the respective shares being adjusted to their respective interests in the freehold and leasehold. It is DOT's contention that in the absence of a total destruction of a business and evidence of a unique value to the business owner, separate compensation for loss of business is not authorized. DOT enumerates ten alleged errors. *Held:*

1. We are faced with apparent confusion by the trial court and both parties to the trial below as to the applicable law pertaining to damages for business loss. The fundamental law on this subject in this state is found in the decision of *Bowers v. Fulton County,* 221 Ga. 731, 738 (146 SE2d 884). In interpreting that decision, this court held in *State Hwy. Dept. v. Thomas,* 115 Ga. App. 372, 376 (154 SE2d 812), "...in this state, under our constitutional requirement that the condemnee be paid 'just and adequate compensation' before his property is taken, the question which properly addresses itself to the

jury's consideration ...is not 'What has the taker gained?', but 'What has the owner lost?', and that where there are separate interests to be condemned, the jury, in arriving at just and adequate compensation, is not only authorized but required to consider the value which the thing taken has to the respective owners of the interests being condemned. If just and adequate compensation to the owners of the various interests in the land being condemned requires that the total compensation exceed the value of the land, this presents no difficulty because, under *Bowers,* supra, and under the constitutional requirement mentioned, the jury is not only required to render a verdict for ...condemnees for the value of the land taken, but also from whatever damages result to the condemnees from the condemnation proceeding."

Nevertheless, the trial court relied on the language in the holding in *DOT v. Dent,* 142 Ga. App. 94, 95 (235 SE2d 610) which states in pertinent part: "...in the absence of a showing of a special or unique value to the owner, mere business losses caused by a partial taking of the land on which the business is located are not a separate element for compensation. Evidence of such losses may be submitted to the jury only to help establish the market value of the property taken. [Cits.]" That case involved a situation where the property owner also operated a business on the premises. After the taking, the property owner still operated the business but at a reduced level. This court in *Dent* simply recognized and applied the rule that in the absence of the total destruction of a business conducted on the partially condemned property where both the property and the business are considered as one property right and are owned by one person or interest, the partial business loss cannot be established as a separate item of damage but is a matter going to the diminution in the value of the property. *Williams v. State Hwy. Dept.,* 124 Ga. App. 645 (2) (185 SE2d 616). The *Dent* case is inapposite to the situation facing the trial court in this case, which involves a property owner seeking property damages for loss through diminution in the value of her property. As a separate claimant, the intervenor, Clanton, sought damages for the loss of business. The claimants in this

case are more correctly included in the situation recognized in the *Thomas* case, supra, where the interests are separate and damages in fact exceed the amount of the diminution in value of the property. "In such circumstances it would be absurd to appraise the premises where the business enterprise is operated as having the value of the business. It would be fallacious to say just and adequate compensation was awarded for the business as well as the realty. No jury could understand such an illogical and impractical appraisal because it would give a false value to the real estate and to the owner's business alike. For instance, in a shabby and cheap building a very valuable business may be established. If the business has a value of $100,000 and the building $5,000, by what process of reasoning can the value of the business be included in the appraisal of the building?" *Bowers v. Fulton County,* supra, p. 739.

We further observe that counsel and the court below reflected great concern that the evidence adduced by Clanton did not show a total destruction of the three businesses located on the property or that Clanton had not yet phased out totally the tractor business. As we understand the law which applies to an owner who suffers a partial taking, in order to recover for a business loss separate from a property loss, the owner must indeed show a total destruction of the business. But that rule is not inconsistent with the right to recovery by a third party for damage or destruction to a business interest which is separate from the property loss. The destruction of an established business is and must be a separate item of recovery. *Bowers v. Fulton County,* supra, p. 739. Thus in this case, Clanton established a loss to his tractor business in clear and positive terms and established that loss as one totally separate from Ms. Kendricks' property loss. Whether the business loss was total or merely partial, it was compensable so long as the loss was not remote or speculative. *Venable v. State Hwy. Dept.,* 138 Ga. App. 788, 789 (3) (227 SE2d 509); *Hinson v. DOT,* 135 Ga. App. 258, 259 (217 SE2d 606). "The destruction or loss of a business being operated upon the condemned property requires compensation where the land is shown to be 'unique.' 'Every person who has an established business

... in a location which cannot be duplicated within the immediate area suffers a loss which is particular and unique to him... If the property must be duplicated for the business to survive, and if there is no substantially comparable property within the area, then the loss of the forced seller is such that market value does not represent just and adequate compensation to him.' *Housing Authority of the City of Atlanta v. Troncalli,* 111 Ga. App. 515, 518 (142 SE2d 93)." *Hinson v. DOT,* supra, p. 259. The evidence offered by Clanton established that the property was unique within the above definition. In spite of the rulings by the trial court made outside the presence of the jury that the evidence of loss of business would be limited to the question of the value of the leasehold to Clanton, the charge to the jury was proper and appropriate. The evidence adequately supports the award to Clanton for loss of business. Where the judgment of the trial court is proper and founded upon a sound legal basis, it will be affirmed regardless of the reason assigned. *Argonaut Ins. Co. v. Cline,* 138 Ga. App. 778, 782 (227 SE2d 405); *Walden v. Barwick,* 72 Ga. App. 545 (2) (34 SE2d 552).

2. The majority of the enumerations of error filed by the appellant DOT relate to its position that evidence of business loss should have been limited to the diminution in the value of the leasehold. In view of our discussion and holding in Division 1 of this opinion, we find to be without merit any contentions that the trial court erred in entering judgment on the jury's verdict, or in denying DOT's motion for directed verdict because the evidence failed to show any diminution in value of the leasehold as to Clanton. Likewise the sua sponte modification by the trial court of the pre-trial order to allow Clanton to show damages to its leasehold where the original claim by Clanton was for loss of business, if error, was harmless error. This is particularly true inasmuch as Clanton's evidence was consistent with the pre-trial order as originally entered.

3. Likewise, in Enumerations 4, 5, and 9, DOT complains that the trial court erred in allowing evidence of loss of right to access and visibility. These objections would have been proper if the issue was one of diminution

in value to real estate. However, the evidence was properly admissible to establish loss of business. These enumerations therefore are without merit. For the same reason, Enumerations 6 and 8 dealing with portions of the court's charge and the testimony of Mr. Clanton giving his reasons why he believed that his business in the tractor line was no longer viable and thus effectively destroyed, lack merit. Mr. Clanton gave ample reasons and explanation to support his opinion that the tractor business could no longer be profitably operated on the reduced premises.

4. In Enumeration no. 7, appellant complains that the trial court erred in failing to charge on the burden of going forward to show damages in excess of those admitted by the condemnor. The requested charge dealt with the taking of land. The primary bone of contention advanced by DOT concerns itself with the award to Clanton. Inasmuch as the issue as to Clanton deals with a business loss, the trial court did not commit prejudicial error in failing to give a charge that was not adjusted to the issue before the jury. *Seaboard C.L.R. Co. v. Thomas,* 229 Ga. 301 (190 SE2d 898).

5. In enumeration of error no. 10, it is asserted that the trial court granted interest on the awards to both Ms. Kendricks and Clanton, such interest to run from the date of the taking to the date of the judgment. The trial court then granted further interest on the previously combined principal and interest to run from the date of the judgment. DOT complains that this amounts to interest on interest. We concur. The judgment of the trial court should be modified to provide for the payment of future interest only upon the principal amounts owing upon the judgment of the court. *State Hwy. Dept. v. Owens,* 120 Ga. App. 647, 649 (5) (171 SE2d 770); *State Hwy. Dept. v. Godfrey,* 118 Ga. App. 560 (164 SE2d 340). Additionally, we note that the jury's verdict granted Clanton $27,550 for "easement and damages." Taking the evidence most beneficial to appellees as to the value of the easement, we find support for actual damages for the taking of the easement in the amount of $2,912.50. The jury awarded Ms. Kendricks $1,225 as her damage for loss of the full use of her property resulting from taking of the easement. We

further note that Clanton presented no evidence as to damages to its leasehold as such. Thus there is no support for the jury's verdict pertaining to Clanton insofar as it pertains to leasehold damages flowing from the easement. Within the range of the evidence, therefore, the most the jury could have awarded Clanton for its interest in the easement would be $1,687.50, the difference between $2,912.50 and $1,225. That portion of the judgment is unsupported in the evidence. However, where a judgment excepted to is erroneous in part and can be segregated so that the legal part can be separated from the illegal, it is not necessary to set aside the entire judgment, but only that portion that is erroneous. *Chicago Bldg. &c. Co. v. Butler,* 139 Ga. 816 (78 SE 244). See *Swindell v. Swindell,* 231 Ga. 167, 169 (200 SE2d 736); *Anthony v. Anthony,* 143 Ga. App. 691, 694 (240 SE2d 167). Accordingly, the judgment is affirmed with direction that the lower court strike from its final decree the award of 7% interest from the date of the judgment on the interest portion until paid, providing in lieu thereof an award of interest at the rate of 7% on the principal alone but not upon the interest so determined and further provided that appellee Clanton write off so much of the judgment in its favor as exceeds the sum of $25,862.50 together with interest at the rate of 7% thereon; otherwise the judgment as to Clanton is reversed.

*Judgment affirmed with direction and on condition. Bell, C. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 20, 1978—DECIDED NOVEMBER 7, 1978—REHEARING DENIED NOVEMBER 28, 1978.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Marion O. Gordon, Senior Assistant Attorney General, William A. Zorn, Special Assistant Attorney General, W. Anthony Moss,* for appellant.

*Gibbs, Leaphart & Smith, J. Alvin Leaphart,* for appellees.