## 57677. DIXIE HIGHWAY BOTTLE SHOP, INC. et al. v. DEPARTMENT OF TRANSPORTATION.

McMurray, Presiding Judge.

This is a condemnation case involving the owner and several lessees having businesses located on the premises. Condemnor sought the permanent acquisition of property (7127.62 sq. ft.), a temporary construction easement (3234.15 sq. ft.), and a driveway easement. Eighty-three hundred dollars was paid into court, and both the owner and the lessee, Dixie Highway Bottle Shop, Inc., appealed.

At the trial the parties stipulated the above, and that the business of Dixie Highway Bottle Shop, Inc. involved sales of liquor, beer and wine at a location "near a tri-county area." Both DeKalb and Clayon Counties were dry counties, but the store and property is located in Fulton County, a wet county, although the parties also stipulated that effective December 8, 1970, beer and wine sales would be made in DeKalb County. Effective February 25, 1972, liquor sales could be made in DeKalb County.

The condemnor offered the expert testimony that the market value of the land taken was $17,150 and that there were no consequential damages. All parties accepted his "fair evaluation." However, the lessee condemnee offered testimony that the taking caused a reduction in the number of parking spaces at the liquor store and necessitated a change in the grade of the driveway so that ingress and egress is more difficult. It also offered testimony that it caused traffic congestion, physical changes in the entrance to the parking lot, unsafe conditions due to snow and ice on the slopes, and automobile incidents occurred in getting in and out of the property. Dixie contends that these changes have

resulted in a substantial loss of business profits. Dixie attempted to introduce evidence to substantiate the contention of business losses, that is, to prove a business loss resulting in a special element of compensation or as consequential damages, but this evidence was excluded.

At the conclusion of the trial, in which only the fair evaluation of $17,150 and that there were no consequential damages involved in the taking were allowed in evidence, the trial court directed a verdict in the amount of $17,150 as the value of the land taken and refused to submit to the jury the issue of business losses either as obtaining directly to the lessee condemnee Dixie or as consequential damages. The trial court was of the opinion that there was no special or unique value of the property shown as it related to Dixie. Dixie appeals contending that the trial court erred in directing the verdict, excluding evidence of its business losses and refusing to submit an issue of special or unique value of the property to the jury. *Held:*

1. As a general rule in condemnation cases market value is used as the method of arriving at what constitutes just and adequate compensation. *State Hwy. Dept. v. Augusta Dist. of N. Ga. Conference, Methodist Church,* 115 Ga. App. 162, 164 (154 SE2d 29). However, market value is not always the fairest or most accurate method of measuring the loss to the condemnee. See *Burke County v. Renfroe,* 64 Ga. App. 395, 396 (13 SE2d 194); *Bowers v. Fulton County,* 221 Ga. 731 (146 SE2d 884); *Elbert County v. Brown,* 16 Ga. App. 834, 847 (86 SE 651); *State Hwy. Dept. v. Augusta Dist. of N. Ga. Conference, Methodist Church,* 115 Ga. App. 162, 164, supra.

2. Generally, testimony and evidence are allowed as to the potential usefulness for various purposes to which property may be put. "Whether it is or is not used for a particular purpose does illustrate its peculiar value and often shows its worth to the condemnee in excess of its market value. *Central Ga. Power Co. v. Stone,* 139 Ga. 416, 419 (77 SE 565)." *Bowers v. Fulton County,* 221 Ga. 731, 739, supra.

3. A condemnee is entitled to be compensated for all damage done to his property and expenses caused by the condemnation proceedings, "[s]uch damages and

expenses are separate and distinct items from the amount which he is entitled to recover as the actual value of his . . . [property]." *Bowers v. Fulton County,* 221 Ga. 731 (2), supra.

4. Fair market value alone is not in every case a proper criterion for determining just and adequate compensation. *Bowers v. Fulton County,* 221 Ga. 731 (5, 6), supra; *Housing Authority v. Savannah Iron &c., Inc.,* 91 Ga. App. 881, 882 (3), 885-886 (87 SE2d 671). Indeed, every person who has an established business in a location which cannot be duplicated within the immediate area suffers a loss which is peculiar and unique to him, not shared by members of the general public dealing in such property and buying and selling it for profit. Market value presupposes not only a buyer willing to purchase but a seller willing to sell. Consequently, when property is used for a particular purpose it has peculiar value which may be over and above its market value. See *Central Ga. Power Co. v. Stone,* 139 Ga. 416, 419, supra; *Housing Authority v. Troncalli,* 111 Ga. App. 515 (142 SE2d 93); *Bowers v. Fulton County,* 221 Ga. 731, 739, supra.

5. Our courts have seemingly distinguished or attempted to distinguish between the total destruction of the business and mere damage to business. See in this connection *State Hwy. Dept. v. Hood,* 118 Ga. App. 720 (165 SE2d 601) (loss of rental of a dairy farm by division of property); *State Hwy. Dept. v. Noble,* 114 Ga. App. 3 (150 SE2d 174) (destruction of a fish and cattle pond and resulting estimated loss of business in a retail fish and meat market held to be a speculative loss); *Bowers v. Fulton County,* 122 Ga. App. 45, 50 (176 SE2d 219) (s.c. *Bowers v. Fulton County,* 221 Ga. 731, supra, affirmed *Bowers v. Fulton County,* 227 Ga. 814 (183 SE2d 347)) (a total taking of a business); *Williams v. State Hwy. Dept.,* 124 Ga. App. 645, 647 (185 SE2d 616) (partial loss of business).

6. In *Williams v. State Hwy. Dept.,* 124 Ga. App. 645, 647, supra, this court approved a charge on consequential damages as damages to the remainder of the property, that is, the difference in market value of a business which was not totally destroyed before and after the taking not

as a separate item of damage but only as an element to be considered in arriving at the value before and after the taking. This court approved a charge that in the absence of a showing of a special or unique value to the owner, the damage to a business by a partial taking of the land is no basis for compensation, except evidence of such damage may be given to the jury to help establish market value of the property. When a partial taking damages a business the market value of the remaining land is affected by the special or unique value, or best use rule, and no special element of damage is required. The resulting discrepancy in market value of the remaining land is the consequential damage. This case is somewhat similar on its facts to the case sub judice.

7. The condemnee is entitled to have the jury consider all the capabilities of the property as to the business or use, if any, to which it has been devoted, and any and every use to which it may be reasonably adapted or applied. Thus, while it is true that the measure of the condemnee's recovery is the fair market value of the property taken, the condemnee can only recover for the value that the property has to him over and above fair market value in such cases where the evidence shows that the property had some unique and special economic value (not merely sentimental) to the condemnee alone. See *Elbert County v. Brown,* 16 Ga. App. 834, 837, supra; *Georgia Power Co. v. Pittman,* 92 Ga. App. 673, 675-676 (89 SE2d 577); *Polk v. Fulton County,* 96 Ga. App. 733, 736 (4) (101 SE2d 736); *Fulton County v. Cox,* 99 Ga. App. 743, 748 (109 SE2d 849).

8. Generally stated, fair market value of the property will be the fair measure of compensation. A claimed loss of business will not be considered as a special element of compensation unless the condemnee has proved that the condemned property has some unique or peculiar relationship to the condemnee and his business. *Dept. of Transp. v. Dent,* 142 Ga. App. 94 (235 SE2d 610); *MARTA v. Ply-Marts, Inc.,* 144 Ga. App. 482, 484 (241 SE2d 599). Whether or not property is unique in considering evidence of business losses is a jury question. *MARTA v. Ply-Marts, Inc.,* 144 Ga. App. 482, 484, supra; *Kessler v. Dept. of Transp.,* 142 Ga. App. 170 (235 SE2d

636). In *Glynn County v. Victor,* 143 Ga. App. 198, 199 (237 SE2d 701), which involves a loss of business, an owner of a restaurant was allowed to offer testimony as to a meal ticket arrangement with a nearby business "whereby employees of this business were given meal tickets which were used to obtain meals . . . and for which he was paid by the business," and also as to business he was getting from a nearby industrial concern and a motel located in front of the restaurant. This court held that in that case there was sufficient testimony to authorize the jury to infer that there was an owner-value approach to valuation which would be different from a fair market approach. However, that case involved a total destruction of a business similar to that in *Bowers v. Fulton County,* 221 Ga. 731, 734 (2), 739, supra. See also *R. E. Adams Properties, Inc. v. City of Gainesville,* 125 Ga. App. 800, 804 (2) (189 SE2d 114). It thus appears that where a business continues to operate at the same location a special or unique value to the owner must be shown. Otherwise business losses caused by partial taking of the land on which the business is located would not be a separate element for compensation but evidence to establish consequential damages as to the market value of the remaining property. See *Dept. of Transp. v. Dent,* 142 Ga. App. 94, 95 (3), supra.

9. In the absence of a showing of special or unique value to the owner in which there is a partial loss of business which continues to operate at the same location evidence of such losses may be submitted to the jury only to help establish the market value of the property taken. See *Williams v. State Hwy. Dept.,* 124 Ga. App. 645 (2), supra; *Bowers v. Fulton County,* supra, 122 Ga. App. 45 (13), aff'd. 227 Ga. 814, supra. *Dept. of Transp. v. Dent,* 142 Ga. App. 94, 95 (3), supra.

10. Here the lessee condemnee accepted the "fair evaluation" of the property by the condemnor's expert witness, but this action did not result in the waiver of the right to show consequential damages as to the market value of the remaining property nor was it an acceptance of the expert witness' testimony that there were no consequential damages. This condemnee, as lessee, then offered testimony as to business losses to it and evidence

that the location of the business was unique in respect to the sale of alcoholic beverages as to it. The issue of special or unique value was for jury determination, and the trial court erred in excluding this consideration from the jury.

But if the evidence of special value or unique value did not determine there was separate and distinct damage to the business, the business losses should still have been allowed in evidence to show consequential damages to the remaining property. Accordingly, the trial court erred in excluding testimony as to business losses which caused the direction of the verdict to be in error.

*Judgment reversed. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED APRIL 11, 1979 — DECIDED JULY 6, 1979 —
REHEARING DENIED JULY 20, 1979 —

*Candler Crim, Jr., Thomas C. Bianco,* for appellants.
*Arthur K. Bolton, Attorney General, Charles C. Pritchard, Joseph G. Davis, Jr., Macey & Zusmann, Abraham Sharony, Steven Schaikewitz,* for appellee.