35498. DEPARTMENT OF TRANSPORTATION v. DIXIE HIGHWAY BOTTLE SHOP, INC. et al.

PER CURIAM.

Certiorari was granted to consider the rulings of the Court of Appeals regarding the concepts of "uniqueness" and "total destruction of the business" as they relate to the recovery of business losses as a separate item of damages in a partial taking condemnation case involving the interests of a lessor and a lessee. *Dixie Hwy. Bottle Shop, Inc. v. Dept. of Transp.,* 150 Ga. App. 839 (258 SE2d 646) (1979).

Put in the simplest of terms, this court has been asked to square with each other the decisions of the Court of Appeals in *Dept. of Transp. v. Dent,* 142 Ga. App. 94 (235 SE2d 610) (1977), and *Dept. of Transp. v. Kendricks,* 148 Ga. App. 242 (250 SE2d 854) (1978).

The rules stated in those two cases are not in conflict. The distinction lies in whether, as in *Dent,* the potential leasehold interests are merged in the owner of the fee or,

as in *Kendricks,* the interest of the landowning lessor and of the lessee businessman are separate and distinct.

When the business belongs to the landowner, total destruction of the business at the location must be proven before business losses may be recovered as a separate element of compensation. *Dent,* supra. On the other hand, when the business belongs to a separate lessee, the lessee may recover for business losses as an element of compensation separate from the value of the land whether the destruction of his business is total or merely partial, provided only that the loss is not remote or speculative. *Kendricks,* supra. In either event, business losses are recoverable as a separate item only if the property is "unique." *Kendricks,* supra; *Dent,* supra.

The meaning of the term "unique" is as set forth in *Housing Authority &c. of Atlanta v. Southern R. Co.,* 245 Ga. 229 (1980).

Whether or not property is unique is a jury question. *Metropolitan Atlanta Rapid Transit Authority v. Ply-Marts, Inc.,* 144 Ga. App. 482 (241 SE2d 599) (1978). The decision of the Court of Appeals is vacated and the case is remanded for further consideration in the light of the principles stated in this opinion.

*Judgment vacated and remanded. Nichols, C. J., Undercofler, P. J., Jordan, Hill and Bowles, JJ., and Judge Charles L. Weltner, concur. Marshall, J., concurs in the judgment only. Clarke, J., not participating.*

ARGUED NOVEMBER 14, 1979 — DECIDED FEBRUARY 26, 1980.

*Arthur K. Bolton, Attorney General, Steven Schaikewitz, Charles Pritchard, Abraham A. Sharony,* for appellant.

*Thomas C. Bianco, Joseph G. Davis, Jr.,* for appellees.