57677. DIXIE HIGHWAY BOTTLE SHOP, INC. et al. v. DEPARTMENT OF TRANSPORTATION.

McMURRAY, Presiding Judge.

In *Dept. of Transportation v. Dixie Hwy. Bottle Shop,* 245 Ga. 314 (265 SE2d 10) (1980), the Supreme Court on certiorari as to the same case, *Dixie Hwy. Bottle Shop v. Dept. of Transportation,* 150 Ga. App. 839 (258 SE2d 646), after consideration of the concepts of "uniqueness" and "total destruction of . . . [a] . . . business" as compared to a partial destruction of a business, vacated our judgment and remanded the case "for further consideration in the light of the principles stated in this opinion."

In the first part of the opinion of the Supreme Court, *Dept. of Transportation v. Dent,* 142 Ga. App. 94 (235 SE2d 610) and *Dept. of Transportation v. Kendricks,* 148 Ga. App. 242 (250 SE2d 854) were discussed, distinguished and determined not to be in conflict. It was pointed out that in the *Dent* case the potential leasehold interests merged in the owner of the fee but that in the *Kendricks* case "the interests of the landowning lessor and of the lessee businessman are separate and distinct." See also *Dixie Hwy. Bottle Shop v. Dept. of Transportation,* 150 Ga. App. 839, supra, at pp. 841-843.

In Divisions 5, 6, 7, 8, and 9, we sought to distinguish the various cases with reference to total destruction of the business as

compared to partial destruction of the business and cited *Dept. of Transportation v. Dent,* 142 Ga. App. 94, supra, but failed to discuss therein *Dept. of Transportation v. Kendricks,* 148 Ga. App. 242, supra, which is much more similar to the facts of the case sub judice as to a leaseholder whose business premises were violated in much the same way as in that case. Consequently, we here adopt the view as stated in *Dept. of Transportation v. Kendricks,* 148 Ga. App. 242, supra, with particular reference to Division 1, at pages 244 through 247, in support of our opinion in *Dixie Hwy. Bottle Shop v. Dept. of Transportation,* 150 Ga. App. 839, supra, pages 841 through 843, wherein we generally cited *Dept. of Transportation v. Dent,* 142 Ga. App. 94, supra.

The Supreme Court then discussed the meaning of the term "unique" as set forth in its recent opinion, *Housing Auth. of Atlanta v. Southern R. Co.,* 245 Ga. 229 (264 SE2d 174), and held that it is generally a jury question as to whether or not property is unique, citing *MARTA v. Ply-Marts, Inc.,* 144 Ga. App. 482 (241 SE2d 599). However, at p. 842 in Division 8 of *Dixie Hwy. Bottle Shop v. Dept. of Transportation,* 150 Ga. App. 839, supra, we did cite *MARTA v. Ply-Marts, Inc.,* 144 Ga. App. 482, supra, as authority that the issue of special unique value in the case sub judice was for jury determination and held that the trial court erred in excluding this consideration from the jury.

We then held that if the jury did not accept the evidence of special value or unique value as separate and distinct damage to the business, "the business losses should have been allowed in evidence to show consequential damages to the remaining property." In support of this holding we cited such cases as *Williams v. State Hwy. Dept.,* 124 Ga. App. 645, 647 (2) (185 SE2d 616); *Bowers v. Fulton County,* 122 Ga. App. 45, 50 (13) (176 SE2d 219), and *Dept. of Transportation v. Dent,* 142 Ga. App. 94, 95, supra. Thus, there was also evidence of possible consequential damages with reference to the loss of the leasehold if no separate or distinct damage be found. The trial court did not allow the jury to consider this evidence and issue in its direction of the verdict.

In considering the question as to what the owner (holder of the lease and business) has lost, the trial court erred in failing to allow evidence of consequential damages, consideration of evidence by the jury as to special or unique value of the business and, if the jury so found, then evidence of business loss from the partial taking. Accordingly, the trial court erred in directing the verdict as to the damages. With the addition of the above we adhere to our original opinion and judgment of reversal in *Dixie Hwy. Bottle Shop v. Dept. of Transportation,* 150 Ga. App. 839, 844, supra.

*Judgment reversed. Deen, C. J., and Birdsong, J., concur.*

ARGUED APRIL 11, 1979 — DECIDED APRIL 24, 1980.

*Candler Crim, Jr., Thomas C. Bianco,* for appellants.
*Arthur K. Bolton, Attorney General, Charles C. Pritchard, Joseph G. Davis, Jr., Abraham Sharony, Steven Schaikewitz,* for appellee.