A89A1133. DEPARTMENT OF TRANSPORTATION v. BAXLEY et al.
(389 SE2d 519)

BEASLEY, Judge.

After a jury verdict of $44,075 for condemnees, the Department of Transportation (DOT) brings an appeal from the judgment entered thereon and the denial of its motion for new trial.

DOT condemned a ten-foot strip of land owned by condemnees and adjacent to their grocery business in Baxley. The pretrial order provided that the jury issues were: the value of the land taken; the value of the construction easement; the value of the "loss of use" of the property resulting from the condemnation. However, upon the call of the case for trial the condemnees requested a continuance in order to present a claim for destruction of their business. The trial court denied the continuance motion but allowed amendment of the pretrial order to include that issue.

DOT asserts three grounds of error: the amendment of the pretrial order over its objection; the admission of evidence as to the sales and gross receipts of the grocery business without evidence of expenses; a charge by the trial court that damage to the business could be considered in determining consequential damages.

1. Once a pretrial order is entered, "a party may not amend without leave of court or consent of the opposite party." *Gaul v. Kennedy*, 246 Ga. 290, 291 (1) (271 SE2d 196) (1980). Condemnees sought modification of the pretrial order as they were required to do. See *Gilbert*

*v. Meason* 145 Ga. App. 662, 663 (1) (244 SE2d 601) (1978); *Dumas v. Beasley*, 218 Ga. 349, 352 (128 SE2d 59) (1962). In passing upon the issue of whether to allow an amendment, the trial court considers if permitting such amendment would prevent manifest injustice and in doing so it is clothed with a broad discretion with which the appellate courts are loath to interfere. See *Ambler v. Archer*, 230 Ga. 281, 287-88 (196 SE2d 858) (1973).

Counsel for DOT was offered the opportunity at trial to interview the witness involved and chose not to. In the spirit of the CPA that cases be decided on their merits and to allow the consideration of all questions fairly within the ambit of the contested issues, the trial court was not precluded by law from permitting the amendment of the pretrial order to include the issue of destruction of or damage to the business. *Ambler*, supra; *Cooper v. Rosser*, 232 Ga. 597, 598 (207 SE2d 513) (1974).

2. The accountant for the grocery business of condemnees testified as to gross receipts or sales. He also related that the business had lost about $5,000 in 1988. DOT moved to strike this testimony on the ground that, in the absence of business expenses, evidence as to gross sales is inadmissible. See *Mauney v. Dept. of Transp.*, 169 Ga. App. 563 (313 SE2d 782) (1984). This would be true if the sole purpose of the testimony was to establish lost profits. However, loss of business and profits from a business located on the property not taken but resulting from the condemnation may be considered as to its effect on the market value of the remainder, as a factor in determining consequential damages. *State Hwy. Dept. v. Hood*, 118 Ga. App. 720 (165 SE2d 601) (1968).

"[I]n the absence of a showing of a special or unique value to the owner, mere business losses caused by a partial taking of the land on which the business is located are not a separate element for compensation." *Dept. of Transp. v. Dent*, 142 Ga. App. 94, 95 (3) (235 SE2d 610) (1977). Nevertheless, "evidence of such damage may be given to the jury to help establish market value of the property. When a partial taking damages a business, the market value of the remaining land is affected by the 'best use rule' and no 'special element of damage' is required. The resulting decrease in market value of the remaining land is the consequential damage." *Williams v. State Hwy. Dept.*, 124 Ga. App. 645, 647 (2) (185 SE2d 616) (1971).

A distinction exists between situations in which the property being condemned is owned by one party and the business thereon is owned by another and situations in which both the business and property are owned by one individual or entity. *Dept. of Transp. v. Kendricks*, 148 Ga. App. 242, 244 (1) (250 SE2d 854) (1978); *State Hwy. Dept. v. Thomas*, 115 Ga. App. 372, 376 (154 SE2d 812) (1967). As explained in *Kendricks*: "in the absence of the total destruction of

a business conducted on the partially condemned property where both the property and the business are considered as one property right and are owned by one person or interest, the partial business loss cannot be established as a separate item of damage but is a matter going to the diminution in the value of the property." Id. at 245. In brief, business loss is relevant to the amount of consequential damages, but is not a separate element, where the theory of recovery is that the taking deprived one of realty and resulted in consequential damages to the remainder. *Dept. of Transp. v. Consolidated Equities Corp.*, 181 Ga. App. 672, 673 (1) (353 SE2d 603) (1987).

Condemnees sought recovery for the total destruction of their business but also relied upon damages to the remainder of their property as a consequence of the taking. Although the evidence may have failed to show a total destruction of the business, it was relevant to establish the market value of the property. In these circumstances, the testimony was not showing the exact amount of loss incurred by the business but only that the property was less valuable because of the partial condemnation. The rule as to specificity of the amount of loss (see *Mauney*, supra, and *Brock v. Dept. of Transp.*, 151 Ga. App. 905, 906 (2) (262 SE2d 156) (1979)) would not control. Instead, the testimony would be admissible to show diminution in the value of the property as part of the consequential damages. *Consolidated Equities Corp.*, supra; *Dept. of Transp. v. Willis*, 165 Ga. App. 271, 272 (2) (299 SE2d 82) (1983); *Dixie Hwy. Bottle Shop v. Dept. of Transp.*, 150 Ga. App. 839, 841 (6) (258 SE2d 646) (1979); *Williams*, supra.

3. The trial court charged the jury: "in connection with your consideration of the question of whether there are any consequential damages to the remaining property, I charge you that the damage to a business caused by taking of part of the land where the business is conducted may be considered in determining the effect of the taking on the market value of the business property, but the damage to the business, if any, is not a separate item of damage. The measure of consequential damages for the injury to the business property would still be the difference in the value of the property before and after the taking of the land."

As discussed in Division 2, the instruction was correct as to the legal principles involved. It was not subject to the objection that there was no evidence by which the jury could calculate or determine there was damage to business resulting from the taking and that damages awarded as part of consequential damages would be pure speculation. Damages for loss to the business need not be mathematically certain since they are only offered to show that the value of the property was diminished by the condemnation. The charge did not authorize the jury to award business losses as a part of consequential damages.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 28, 1989 —
REHEARING DENIED DECEMBER 19, 1989.

*Michael J. Bowers, Attorney General, Roland F. Matson, Senior Assistant Attorney General, Zorn & Caldwell, William A. Zorn,* for appellant.
*Miles, Baker & Morris, Keith M. Morris,* for appellees.