A91A0080. SWEETHEART PRODUCTS, INC. v. COHEN et al.
(402 SE2d 547)

Andrews, Judge.

After a jury verdict in favor of Cohen on their contractual dispute, Sweetheart Products appeals, claiming that the trial court erroneously excluded certain documentary evidence from the trial.

On the morning the trial was scheduled to begin, Sweetheart's attorney discovered an invoice relevant to manufacturing costs incurred by Sweetheart in the contract at issue. Cohen had unsuccessfully sought production of any such documents during pre-trial discovery, and the document was not listed as an exhibit on the consolidated pre-trial order entered in the case. Prior to the start of the trial, the trial court granted Cohen's oral motion in limine to exclude introduction of the invoice into evidence because it had not

been produced in response to discovery and was not listed in the pre-trial order. However, the court allowed Sweetheart to introduce testimony as to the manufacturing costs it incurred. Sweetheart claims the trial court erred by granting Cohen's motion in limine and denying its motion to amend the pre-trial order to include the invoice as an admissible exhibit.

Though the record does not reflect that Sweetheart ever expressly sought amendment of the pre-trial order to include the invoice as an exhibit, it did respond to Cohen's oral motion in limine to explain why the invoice had not been previously produced or identified. Even if we consider Sweetheart's response to the motion in limine to be, in effect, a motion to amend the pre-trial order, we find no error in the trial court's exclusion of the document.

The pre-trial order "controls the subsequent course of the action unless modified at trial to prevent manifest injustice." OCGA § 9-11-16 (b). In considering whether to allow an amendment to the pre-trial order, the trial court determines if "permitting such amendment would prevent manifest injustice and in doing so it is clothed with a broad discretion with which the appellate courts are loath to interfere." *Department of Transp. v. Baxley*, 194 Ga. App. 29, 30 (389 SE2d 519) (1989). The exclusion of the invoice did not prevent a full consideration of the contested issues, since the court allowed oral testimony respecting Sweetheart's manufacturing costs. We find no manifest injustice or abuse of discretion in the trial court's refusal to modify the pre-trial order. *Ambler v. Archer*, 230 Ga. 281, 287-288 (196 SE2d 858) (1973).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 22, 1991.

*Donald L. Mize*, for appellant.
*Lipshutz, Greenblatt & King, James V. Zito*, for appellees.