## A97A0372. BILL LEDFORD MOTORS, INC. v. DEPARTMENT OF TRANSPORTATION.

(484 SE2d 510)

ELDRIDGE, Judge.

This case comes to us by way of an interlocutory appeal. The sole issue, as stipulated by the parties to this inverse condemnation case, involves an inquiry as to whether the trial court correctly determined that "it is not permissible for an expert to base an opinion of the leasehold value of unique property on the profits and/or business value of the property[.]"

Appellant Bill Ledford ("Ledford") operated three separate motor vehicle dealerships on leased property located between State Route 18 and Juliette Road near I-75 in Monroe County. In August 1987, the State Department of Transportation ("DOT") began work on widening I-75 in that area. In September 1987, a condemnation petition was filed against appellant on behalf of DOT in the Superior Court of Monroe County under civil action no. 87-V-370.

The taking of appellant's leaseholds was temporary, not permanent; upon completion of the construction project, a new off-ramp of I-75 provided direct access to one of appellant's dealerships, thereby increasing the value of that leasehold as a consequential benefit thereto.

In November 1989, appellant Ledford filed a complaint for damages alleging that appellant's leaseholds and the merchandise (automobiles) thereon were damaged by the dust and dirt caused by the DOT construction, thereby "diminishing the value of [appellant's] leasehold and by destroying [appellant's] business." Ledford retained an expert who calculated the value of the leaseholds by the loss of profits and diminution of business value Ledford had allegedly sustained for the time it took to complete the construction: approximately three million dollars.

DOT filed a motion in limine regarding this expert testimony, alleging that such evidence was inadmissible for the purpose of proving the leaseholds' value. The trial court granted the motion in limine, ruling that such evidence was inadmissible in determining the value of the leaseholds and finding, in addition, that "[p]laintiff is limited in its evidence [of loss of profits and business value] to seeking consequential damages to the value of each of its three leases of real property." This appeal followed.

For purposes of this appeal, the parties have stipulated, among other things, that the leaseholds were "unique" under Georgia law, which thereby precluded appellant from applying, as Ledford puts it, a "typical approach" to reducing damages, i.e., moving inventory "to one of the substantially similar locations available on the market and resume business unaffected by DOT's work."

Appellant contends that the trial court erred in granting the motion in limine because the law authorizes a party to prove the value of "unique" leasehold interests by alternative means of valuation, such as through lost business profits and value. Appellant seeks to measure the lost value of the leaseholds by the lost profits of the business. Appellant contends that, in instances such as the case sub judice, wherein a plaintiff does not seek business losses as a separate item of recovery, such losses should be admissible to establish the value of the leaseholds; otherwise, a plaintiff would suffer damage to its business and inventory without compensation of any sort. Thus, through a valuation of his leasehold interests, appellant seeks recovery for: (a) damage to his property rights; (b) damage to his business; and (c) physical damage to his inventory, i.e., automobiles. *Held*:

(a) Evidence of Value of Property Rights. The constitution of this state provides that private property is not to be taken for public purposes without just and adequate compensation being paid. Ga. Const. of 1983, Art. I, Sec. III, Par. I; see *Harrison v. State Hwy. Dept.*, 183 Ga. 290, 293 (188 SE 445) (1936). The issue is always, "What has been *lost*?" See *State Hwy. Dept. v. Thomas*, 115 Ga. App. 372, 376 (154 SE2d 812) (1967). The answer to that question encompasses the issue before this Court.

A leasehold interest is "property" for which the leaseholder is entitled to receive compensation when his interest is taken or damaged for a public purpose. *Hayes v. City of Atlanta*, 1 Ga. App. 25 (57 SE 1087) (1907). The traditional measure of compensation is the market value of the leasehold for the remainder of the unexpired lease on the date of taking. Id.; *MARTA v. Funk*, 263 Ga. 385, 387 (435 SE2d 196) (1993). With regard to a temporary condemnation of leased real estate, the lessee loses only the use of the property for a specified time at a set amount of rent. *Funk*, supra at 387. Thus, the valuation of a leasehold cannot be decided by anything other than the fair market rental value of the property, and the evaluation includes proof of any consequential damages that may affect the market value of the leasehold, as that is all that the lessee has lost with regard to the real estate.

Recovery on the basis of damage to the actual business, itself, as opposed to the real estate, must be pled as a separate item of recovery. The rationale for this is based upon common sense and has been articulated for many years: "The destruction of an established business is and must be a separate item of recovery. The holdings of some cases that the loss of prospective profits is to be considered in determining the value of the real estate is one thing. This means no more than that the potential uses of the property [consequential damages] may be proved for that purpose. The loss of an established business is an altogether different matter; such loss not merely reflects the value

of the real estate, for frequently the value of the business greatly exceeds that of the premises where it is conducted. . . . For instance, in a shabby and cheap building a very valuable business may be established. If the business has a value of $100,000 and the [property] $5,000, by what process of reasoning can the value of the business be included in the appraisal of the [property]?" *Bowers v. Fulton County*, 221 Ga. 731, 739 (146 SE2d 884) (1966); see also Pursley, Ga. Eminent Domain, p. 132, § 5-11 ("loss of business" is different from consideration of business use of property that affects the value of the property itself, because the loss of business may exceed the value of the property where the business is conducted). This rationale controls in the case sub judice and supports the notion that measuring the value of an interest in real estate by the value of the business located thereon is the "Property Law" equivalent of judging a book by its cover.

The parties' stipulation as to the "unique" nature of the leaseholds does not alter this result or aid appellant in his attempts to incorporate business loss into the value of his leasehold interests. This is because, with regard to a valuation of *realty*, if a leasehold is "unique," then such "uniqueness" would be properly measured in its fair market value. With regard to the valuation of a loss of *business* operated on a leasehold, evidence that a leasehold is "unique" goes to support a plea for special damages in a condemnation action seeking the recovery of such business losses when there is a permanent taking. Accordingly, business losses are pled as a separate element, apart from the valuation of the leasehold upon which the business is operated. "[B]usiness losses can be recovered as a separate element in instances when the business belongs to a separate lessee or when the business belongs to the landowner and there is a total taking of the business. In either event, business losses are recoverable as a *separate* item only if the property is 'unique' and the loss is not remote or speculative. [Cit.]" (Emphasis supplied.) *Dept. of Transp. v. Acree Oil Co.*, 266 Ga. 336, 337 (467 SE2d 319) (1996).

Thus, the "unique" aspect of a leasehold may affect the valuation of a leasehold interest as it reflects an unusual value in the fair market; however, such does not permit, as argued by appellant, the inclusion of business loss into the leasehold value simply because the leasehold is "unique."

(b) Evidence of Value of Business Loss. Evidence of "business losses" has been held admissible in only two instances: (1) where such evidence is relevant to the recovery of a *separate* element of just and adequate compensation; or (2) where such evidence is relevant to the valuation of the amount of consequential damages to a remainder. *Acree Oil Co.*, supra at 336-337; *Buck's Svc. Station v. Dept. of Transp.*, 259 Ga. 825 (387 SE2d 877) (1990). Where a part of the

property is condemned and the business continues to operate on the remaining property, the business may suffer damages during the construction of the public project; if the business losses are caused primarily by severe inconveniences from the construction of the project and the business will return to normal after completion of construction, evidence of business losses is not admissible. *Dept. of Transp. v. Dent*, 142 Ga. App. 94 (235 SE2d 610) (1977); *Dept. of Transp. v. Dixie Hwy. Bottle Shop*, 245 Ga. 314 (265 SE2d 10) (1980); see also Pursley, Ga. Eminent Domain, supra at § 5-15, p. 149. When the business belongs to a separate lessee, the lessee may recover for business loss as an element of compensation *separate* from the value of the land whether the destruction of the business is total or partial. *Richmond County v. 0.153 Acres of Land*, 208 Ga. App. 208, 210-211 (430 SE2d 47) (1993). Such evidence of business loss cannot be remote or speculative.[1] Id. More importantly, the damage caused by the taking must be permanent rather than temporary; clearly, a temporary loss may be caused by factors other than a temporary taking, so that there would be no direct causal connection. Pursley, Ga. Eminent Domain, supra at § 6-9, p. 226.[2]

In the case sub judice, it is undisputed that Ledford did not seek business losses as a separate element of damages and proffered no evidence of business loss to support a separate, compensable element of damages. See *Buck's Svc. Station*, supra at 827. Thus, evidence of business loss in the instant case is admissible not for the purpose of recovering for the loss of business, but for the limited purpose of demonstrating a diminution in the fair market value of the leasehold, i.e., consequential damages, if such loss of profits does, in fact, demonstrate a diminution in fair market value. *Acree Oil Co.*, supra at 336-337; *Buck's Svc. Station*, supra at 827. Significantly, perhaps, in the case sub judice, if consequential damages are considered, the consequential benefit of the new off-ramp must also be a factor in offsetting such damages. *Merritt v. Dept. of Transp.*, 147 Ga. App. 316 (248 SE2d 689) (1978), rev'd on other grounds, 243 Ga. 52 (252 SE2d 508) (1979); *Dept. of Transp. v. Knight*, 143 Ga. App. 748 (240 SE2d

---

[1] Clearly, the inclusion of the profits of a business while run by another owner, as well as the "extrapolation" of potential profits based upon a three to six month business history, falls within the parameters of speculative damages when calculating business loss for the purposes of expert testimony thereon.

[2] That "permanent damage" is an appropriate threshold requirement to impose before allowing evidence of business loss is amply illustrated by the ongoing dispute between appellant and appellee regarding the length of time the construction lasted: 16 months as alleged by the DOT and 21 months as alleged by Ledford. When the damage about which a plaintiff complains is permanent, the length of time that the taking lasted becomes moot. Otherwise, the dilemma in the causal nexus becomes apparent, i.e., the temporary nature of the damage corresponding with the undetermined duration of the taking.

90) (1977); *Ball v. State Hwy. Dept.*, 108 Ga. App. 457 (133 SE2d 638) (1963).

(c) Evidence of Value of Inventory (Automobiles). Where dust and dirt cause physical damage to property, compensation must be paid, regardless of whether a part of the property has been condemned. Physical damage is an interference with the special rights incident to the ownership of property under the "damage" clause of the constitution. Generally, damages from dust and dirt temporarily caused by a public project, such as in the instant case, cannot be recovered in a condemnation action; such damages fall within the rule prohibiting the recovery of damages for temporary inconvenience. See Pursley, Ga. Eminent Domain, supra at § 5-10, pp. 128-129. However, if the property suffers compensable damage from such causes, the owner must assert his claim in a *separate suit* and show that his property was physically affected or damaged rather than merely showing inconvenience or personal discomfort. *MARTA v. Datry*, 235 Ga. 568 (220 SE2d 905) (1975). Again, appellant did not allege such damages as a separate item for recovery, and clearly, appellant cannot recover for any physical damage to his business inventory in the instant action which seeks damages for the value of his leasehold interest in real estate.

In sum, appellant's contention that he cannot recover for damage to his business or merchandise, other than through the inclusion of such items in the valuation of his leaseholds, is incorrect. Pretermitting the current timeliness or ultimate provability thereof, other avenues of relief for the loss of such property rights are available. What is not available is the ability to recover such alleged losses through the valuation of Ledford's leasehold interests, themselves; appellant has sought inclusion of separate damages to prove the damage to his leaseholds, which cannot be done.

Accordingly, we hold that the trial court's ruling is correct: appellant may not introduce expert testimony as to the loss of business profits and worth for the purpose of proving the value of the leaseholds; the introduction of such evidence is limited to proof, if any, of specific and non-speculative consequential damages.[3]

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

---

[3] Proof of consequential damages to a leasehold interest reflects only the diminution in the market value at the time of the taking compared to its new circumstances just after the time of the taking. *Dept. of Transp. v. Old Nat. Inn*, 179 Ga. App. 158 (345 SE2d 853) (1986). Thus, appellant could not recover for business loss in the guise of "consequential damages" as the market value of the leasehold is always the threshold consideration; " '[t]he resulting decrease in the market value of the remaining *land* is the consequential damage.' " (Emphasis in original.) *Richmond County*, supra at 210.

DECIDED MARCH 5, 1997 —
RECONSIDERATION DENIED MARCH 18, 1997 — 

*Reynolds & McArthur, Charles M. Cork III*, for appellant.
*Michael J. Bowers*, Attorney General, *Harris & James, John B. Harris III, William C. Harris, Lisa D. Neill-Beckmann*, for appellee.