A04A0740. HICKS v. WALKER et al.
(594 SE2d 710)

ELDRIDGE, Judge.

This is an appeal from the grant of summary judgment in the revival action brought on January 21, 1999, to revive the consent judgment entered on March 28, 1989, with sums due. The defendant Richard D. Hicks contends that he had satisfied the $24,600 consent judgment by paying $15,800, and there should be a credit for the $10,000 liability limits paid by Southeastern Fidelity Insurance Company into court under a consent order in an interpleader action on July 23, 1983. The trial court determined that $8,600 in principal remained due, that $5,372 in interest was due, and that no credit

---

was due from the prior insurance proceeds payment. Finding no error, we affirm.

On May 9, 1982, Hicks was involved in a collision on I-285, which killed Clifford Walker. On August 22, 1983, in the interpleader action, a consent judgment determined that Russell Walker, Kenneth Walker, Carolyn Walker Stewart, and Clifton Walker, a minor, were the children of Clifford Walker, who had been killed in the wreck and that they would receive the $10,000 proceeds of the Southeastern Fidelity Insurance Company liability policy on Hicks but that there was expressly no release of Hicks from any liability for the wrongful death action in Fulton Superior Court in C-97632. Subsequently, on March 28, 1989, in C-97632, Hicks entered into a consent judgment with the four children to settle the wrongful death action. The "Settlement by Consent Judgment" read:

> The parties settle all issues and claims in the above case on the following terms: Defendant shall pay the total sum of $24,600 to Tyson Baisden, Jr., attorney for the above 4 children of Clifford Walker, Deceased. Payments shall be made as follows: Initial payment of $200 today and 122 subsequent payments of $200 each on the 1st day of each month beginning with May 1, 1989. Defendant expressly agrees that this debt outlined above is not dischargeable in any Bankruptcy proceeding either past or future. Court costs to be paid by Defendant. This 28th day of March, 1989. [signed] Russell B. Walker, Richard H. Hicks, R[illegible] B. Lamb, Atty for Def., T. E. Baisden, Jr., Attorney for above 4 parties plaintiffs. The above styled agreement and settlement is hereby made the judgment of this court. [signed] Osgood O. Williams, Atlanta Circuit.

A consent order may be treated as a binding agreement, enforceable as a contract. *City of Centerville v. City of Warner Robins*, 270 Ga. 183, 184 (1) (508 SE2d 161) (1998); *Walker v. Virtual Packaging*, 229 Ga. App. 124, 127-128 (3) (493 SE2d 551) (1997); *Collins v. Collins*, 148 Ga. App. 103, 104-105 (2) (B) (250 SE2d 870) (1978). The usual rules of contract construction are applied to determine the meaning of a settlement agreement incorporated into a consent judgment. *Lothridge v. First Nat. Bank of Gainesville*, 217 Ga. App. 711, 714 (3) (458 SE2d 887) (1995). "All prior agreements and controversies between the parties are merged [into] the consent decree. [Cit.]" *Resolute Ins. Co. v. Norbo Trading Corp.*, 118 Ga. App. 737, 747 (2) (165 SE2d 441) (1968). As in all contracts, the cardinal rule of construction of a consent agreement is to determine the intent of the parties. *City of Centerville v. City of Warner Robins*, supra at 186-187.

From the four corners of the settlement agreement, the terms are clear and unambiguous in requiring that Hicks pay $24,600 with the initial payment of $200 on signing and the balance paid monthly at the rate of $200 per month for 122 months, which totals $24,600; thus, no construction is required, and the trial court must enforce the agreement as written. *Lothridge v. First Nat. Bank of Gainesville*, supra at 714. The settlement agreement was for new money for the wrongful death and did not either expressly or by inference consider credit for the $10,000 in earlier payment of the insurance policy liability limits. If the parties had intended to give credit for such earlier payment by the insurer, then the settlement agreement would have stated this and would not have used a settlement schedule that calculated out the exact amount of the agreed new money without any credit or set-off. Further, Hicks made payments under the consent judgment until October 20, 1996, without raising the issue of set-off or credit. Clearly, the parties all intended the settlement to be $24,600 in additional money above and beyond the $10,000 previously paid by the insurer for the wrongful death.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 10, 2004.

*Eason, Kennedy & Associates, Richard B. Eason, Jr.,* for appellant.

*Kirby G. Bailey,* for appellees.