## A09A2240. DEPARTMENT OF TRANSPORTATION OF GEORGIA v. GILBERT'S AUTO SERVICE, INC.

(687 SE2d 659)

MIKELL, Judge.

In this inverse condemnation action, appellant Department of Transportation of Georgia ("DOT") appeals from a judgment entered on a jury verdict in favor of Gilbert's Auto Service, Inc. ("Gilbert's Auto"). The trial court denied DOT's motion for directed verdict made at the close of evidence and its motion for judgment n.o.v. In both motions, DOT argued that Gilbert's Auto's action was barred by a consent judgment entered in a prior condemnation action. Applying the appropriate standard of review, which provides that we "can only set a verdict aside, on evidentiary grounds, as being contrary to law in that it lacks any evidence by which it could be supported[,]"[1] we affirm the judgment of the trial court.

The record shows that on April 18, 2005, DOT filed a petition for condemnation of real property in the Superior Court of Clayton County against David Gilbert (the "condemnation action"),[2] in which it acquired .343 acres of land and certain easement rights from property along Highway 138 (the "property"). Gilbert owned the property in fee simple, and Gilbert's Auto had a leasehold interest therein. On June 22, 2005, Gilbert's Auto filed an inverse condemnation action against DOT ("inverse action"), seeking just and adequate compensation for the taking and damage to its property interests, as well as relocation expenses and attorney fees and expenses. By consent of the parties, Gilbert's Auto was added as a party to the condemnation action on August 8, 2005.

On October 27, 2006, Gilbert's Auto filed a motion to consolidate its inverse action with DOT's condemnation action, which DOT opposed. The trial court denied the motion to consolidate on April 12, 2007, stating as follows:

> Though the law generally favors the prevention of a multiplicity of actions, it appears that condemnation law in Georgia rather strictly limits the relevant evidence in condemnation cases and therefore separate suits for different kinds of damages are not uncommon. . . . Consolidating the inverse condemnation action with the original condem-

---

[1] (Citation and punctuation omitted.) *Cook v. Huff*, 274 Ga. 186 (1) (552 SE2d 83) (2001); *Dept. of Transp. v. Edwards*, 267 Ga. 733, 735 (1) (482 SE2d 260) (1997).

[2] The purpose of the condemnation action was to widen a roadway.

nation action would interject elements of damages beyond that to be considered pursuant to [applicable law].[3]

On October 9, 2007, the parties to the condemnation action entered into a consent judgment, which provided that

> The Condemnor shall pay to the Condemnees the total sum of $525,000 as just and adequate compensation for the property rights acquired by the Condemnor. . . . The Condemnor originally paid into the Court's Registry the sum of $313,700.00, which was taken down by Gilbert. As such, the Condemnor shall pay an additional $211,300.00 to . . . attorneys for David Gilbert and Gilbert's Auto Service, Inc., said sums constituting total just and adequate compensation in the amount of $525,000.00, which is due to the Condemnees for all property and rights acquired from the Condemnees, as well as any damages sustained by the Condemnees as a result of the subject condemnation.

After the consent judgment was entered, Gilbert's Auto filed a notice of stipulation for trial in the inverse action, which DOT opposed on the grounds that it had not yet deposed Gilbert's Auto's business valuation witness. DOT deposed the witness on February 29, 2008, and the parties filed a consolidated pre-trial order on July 11, 2008. The trial began on October 13, 2008. Gilbert's Auto presented the testimony of a real estate appraiser, a certified public accountant, and Gilbert, and DOT presented the testimony of a real estate appraiser. The jury awarded damages to Gilbert's Auto in the amount of $1,113,827.

> It is well settled that, when a condemnor institutes condemnation proceedings, all legal and equitable issues relating to the taking must be litigated in those proceedings, and the condemnee cannot bring a separate action to dispose of those matters. In condemnation proceedings, however, there are only two elements of damages to be considered: First, the market value of the property actually taken; second, the consequential damage that will naturally and proximately arise to the remainder of the owner's property

---

[3] Although the cases were not consolidated, the inverse condemnation action was reassigned to the same judge presiding over the condemnation action, who issued the order denying the motion to consolidate.

> from the taking of the part which is taken and the devoting of it to the purposes for which it is condemned.[4]

Business damages cannot be sought through a condemnation case; rather they must be pled as a separate item of recovery.[5]

> The rationale for this is based upon common sense and has been articulated for many years: The destruction of an established business is and must be a separate item of recovery. The holdings of some cases that the loss of prospective profits is to be considered in determining the value of the real estate is one thing. This means no more than that the potential uses of the property [consequential damages] may be proved for that purpose. The loss of an established business is an altogether different matter; such loss not merely reflects the value of the real estate, for frequently the value of the business greatly exceeds that of the premises where it is conducted. For instance, in a shabby and cheap building a very valuable business may be established. If the business has a value of $100,000 and the property $5,000, by what process of reasoning can the value of the business be included in the appraisal of the property?[6]

DOT relied on this point of law in its opposition to the motion to consolidate, stating "[d]amages that are not alleged to have occurred as a result of the instant condemnation action are properly cognizable in an independent suit for damages, and may not be raised in condemnation proceedings." After the close of evidence at trial and now on appeal, however, DOT maintains that Gilbert's Auto's business losses were resolved with the entry of the consent judgment in the condemnation action. It appears that DOT has induced the very error about which it now complains, which it cannot do.[7] In other words, DOT cannot maintain on the one hand that the cases could not be consolidated because the business losses were a separate item of recovery, and then contend on the other hand that the business loss claims were resolved in the very case in which it argued

---

[4] (Citations and punctuation omitted.) *Flo-Rob v. Colonial Pipeline Co.*, 170 Ga. App. 650, 651 (317 SE2d 885) (1984).

[5] See *Bill Ledford Motors v. Dept. of Transp.*, 225 Ga. App. 548, 549 (a) (484 SE2d 510) (1997) (where business owner does not seek business losses as a separate item of recovery, evidence of business loss is inadmissible in the condemnation action to prove the value of the leasehold interest).

[6] (Citations and punctuation omitted.) Id. at 549-550 (a).

[7] See *Franklin Credit Mgmt. Corp. v. Friedenberg*, 275 Ga. App. 236, 241 (2) (c) (620 SE2d 463) (2005) ("[a] party may not induce error and then benefit from it") (citation, punctuation and footnote omitted).

that the claims could not be considered.

We also conclude that the terms of the consent judgment do not support DOT's argument. A consent judgment is a contract and, therefore, must be interpreted like any other contract.[8] "As in all contracts, the cardinal rule of construction of a consent agreement is to determine the intent of the parties."[9] The consent judgment in the condemnation action specifically states that the parties agree that DOT shall pay Gilbert and Gilbert's Auto "the total sum of $525,000.00 as just and adequate compensation *for the property rights acquired*" by DOT as more particularly described in DOT's declaration of taking. DOT's declaration of taking specified the property rights as "the right of way, easements and access rights." Thus, the plain language of the consent judgment did not reference the claims in the inverse action.

Additionally, the parties' conduct, both before and after the consent judgment was entered, does not indicate an intent to resolve the inverse action claims. As pointed out by the trial court, the parties submitted the consolidated pre-trial order, in which DOT provided that "[t]he present action is a claim for business loss damages following settlement of a condemnation case, . . . in which DOT acquired 0.343 acres of land and the improvements thereon" and specifically reserved the issue of Gilbert's Auto's business losses as an issue for the jury's determination. At no point in the pre-trial order does DOT indicate that Gilbert's Auto's claims are barred by the consent judgment. The trial court found in its order that

> there was no evidence presented during trial that would have indicated the business loss claim was resolved prior to trial. If [DOT] believed the business loss claim was resolved prior to trial, it may, for example, have filed a motion for summary judgment . . . [or] could have argued, in a motion to dismiss prior to trial, that the business loss issue was moot.

No such motions were filed or argued. Accordingly, we agree with the trial court and affirm its judgment. However, we deny Gilbert's Auto's motion for penalties for frivolous appeal pursuant to OCGA § 5-6-6 and Court of Appeals Rule 15 (b).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

---

[8] *Brown & Williamson Tobacco Corp. v. Gault*, 280 Ga. 420, 424 (3) (627 SE2d 549) (2006).

[9] (Citation omitted.) *Hicks v. Walker*, 265 Ga. App. 495, 496 (594 SE2d 710) (2004).

DECIDED DECEMBER 3, 2009.

*Power & Cooper, Warren R. Power*, for appellant.
*Smith, Welch & Brittain, A. J. Welch, Jr., William A. White*, for appellee.