**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY, P. J. and SELF, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 27, 2017**

# In the Court of Appeals of Georgia

A17A0720. STRATEGIC LAW, LLC v. PAIN MANAGEMENT &    SE-029
    WELLNESS CENTERS OF GEORGIA, LLC et al.

SELF, Judge.

In this discretionary appeal, Strategic Law, LLC seeks review of the trial

court's order denying its motion for attorney fees pursuant to a judgment enforcement

agreement, and its motion for attorney fees pursuant to OCGA § 9-11-68. For the

reasons that follow, we reverse.

The record shows that Strategic Law filed a complaint in magistrate court

against Pain Management & Wellness Centers of Georgia, LLC, and Isaac Cohen,

claiming that they failed to pay Strategic Law for legal services rendered. Appellees

allegedly hired Strategic Law to prepare an answer to an appeal taken from magistrate

court. Shortly after receiving a draft answer, appellees advised Strategic Law that

they did not want to proceed with the appeal. Appellees then filed the documents prepared by Strategic Law and defended the matter.

Strategic Law prevailed against appellees in the magistrate court in the lawsuit which forms the basis of this appeal and appellees appealed that judgment to the state court. Strategic Law subsequently amended its complaint to include a claim for fraud. Strategic Law submitted to appellees an offer of settlement pursuant to OCGA § 9-11-68, offering to settle its tort claim for $3,000, exclusive of attorney fees, costs, prejudgment interest, punitive damages, and litigation expenses. Appellees did not respond to the offer. Several months later, the parties filed a joint motion for consent judgment in the amount of $3,755, which the state court judge adopted and entered. The parties also entered into a judgment enforcement agreement on March 15, 2016, which provided that appellees would: (1) immediately tender $500 to Strategic Law's business address; (2) for a period of 15 weeks thereafter, tender $200 such that Strategic Law would receive it by the close of business on each subsequent Monday; and (3) following the final $200 payment, tender a final payment of $255 such that Strategic Law would receive it by the close of business on the subsequent Monday. The agreement also provided that "[t]he Parties agree that time is of the essence, and that failure of [Strategic Law] to actually receive the amounts specified above on the

dates and in the manners identified above shall serve to nullify this Agreement, requiring payment in full of all remaining amounts immediately, and entitling [Strategic Law] to its reasonable attorneys' fees and costs in enforcing the same." The agreement was signed by Cohen and a representative of Pain Management & Wellness Centers of Georgia, LLC, but it was not signed by any representative of Strategic Law, LLC or Stein Law, LLC,[1] although it had a signature line for Douglas Stein, Manager of Stein Law, LLC.

Appellees made the initial $500 payment but allegedly failed to make a timely $200 payment,[2] and Strategic Law filed a motion to enforce the judgment enforcement agreement, a motion for attorney fees pursuant to the enforcement agreement, and a motion for attorney fees pursuant to OCGA § 9-11-68. In its motion for fees pursuant to the enforcement agreement, Strategic Law sought fees incurred in preparing the motion to enforce. In its motion for fees pursuant to OCGA § 9-11-68, Strategic Law sought all fees incurred since its settlement offer. Appellees

---

[1] At some point in the proceedings, Strategic Law apparently changed its name to Stein Law, LLC.

[2] According to appellees, they paid $500 on March 15, 2016, $400 on April 6 and April 8, 2016, $200 on April 14, 2016, and $202 on April 28, 2016. Appellees admit in their brief to this Court that they "fell behind in the scheduled payments."

3

responded that there was no legally binding enforcement agreement because Strategic Law failed to sign it. They also argued that they had simply been a few days late in making the first $200 payment due to confusion concerning the beginning date of payments, and the motion to enforce was moot because they had caught up on the scheduled payments. At some point while the motions were pending, the appellees paid the balance of the consent judgment.

Following a hearing,[3] the trial court denied the motion for fees pursuant to the judgment enforcement agreement as unnecessary, stating that while Strategic Law had argued that appellees were not making timely payments, Strategic Law acknowledged that all payments had been made by the hearing. The trial court also denied the motion for fees pursuant to OCGA § 9-11-68, stating that the statute was not meant to apply to cases involving consent judgments.

Strategic Law contends that the trial court erred in denying the motion for fees pursuant to the judgment enforcement agreement because the agreement required appellees to pay for fees Strategic Law incurred in bringing a motion to enforce the agreement if it did not timely receive payments. In addition, Strategic Law argues that

---

[3] Strategic Law chose to omit the transcript of the July 28, 2016 hearing from the record on appeal.

4

the court erred in denying the motion for fees pursuant to OCGA § 9-11-68 because the statute applies to consent judgments and only requires a judgment of sufficient size to trigger a fee award; Strategic Law contends that this appears to be an issue of first impression. Appellees argue that Strategic Law did not execute the judgment enforcement agreement and, in any event, the motion to enforce was unnecessary because they paid the balance of the consent judgment before the hearing. Appellees further argue that the consent judgment is not a judgment or verdict as required by OCGA § 9-11-68.

(a) On appeal from a trial court's order on a motion to enforce a settlement agreement, this Court applies a de novo standard of review, viewing the evidence in a light most favorable to the nonmoving party. *Lamb v. Fulton-DeKalb Hosp. Auth.*, 297 Ga. App. 529 (677 SE2d 328) (2009). Further, we treat a judgment enforcement agreement, entered into in conjunction with a consent judgment, as a binding agreement, enforceable as a contract. See *Hicks v. Walker*, 265 Ga. App. 495, 496 (594 SE2d 710) (2004).

> Because a settlement agreement is a contract, it is subject to the usual rules of [contract] construction. While the cardinal rule of construction is to determine the intention of the parties, no construction is required or permitted when the language employed by the parties in the contract

5

is plain, unambiguous, and capable of only one reasonable interpretation.

*Lamb*, supra, 297 Ga. App. at 533 (2).

Here, the judgment enforcement agreement clearly provided that if appellees did not make timely payments, Strategic Law would be entitled to attorney fees incurred in seeking payment. Appellees did not make timely payments and Strategic Law sought payment. Therefore, Strategic Law is entitled to attorney fees it incurred in filing the motion to enforce, regardless of the fact that appellees subsequently made the required payments. While it does not appear that Strategic Law signed the written judgment enforcement agreement, oral settlement agreements are enforceable if their existence is established without dispute. See *Walker v. Lewis*, 267 Ga. App. 831 (600 SE2d 773) (2004). In this case, there is no dispute about the existence or terms of the instant agreement. In fact, as evidenced by emails between counsel, Strategic Law submitted the agreement to appellees and made several demands that they sign it. As the agreement provided that Strategic Law would be entitled to its reasonable attorney fees and costs in enforcing the agreement, the trial court erred in denying Strategic Law's motion for fees pursuant to the judgment enforcement agreement. Accordingly, we reverse the trial court's denial of Strategic Law's motion for fees pursuant to the

judgment enforcement agreement and remand for the trial court's determination of the amount of reasonable fees to be awarded to Strategic Law under this motion.

While we agree that Strategic Law is entitled to attorney fees incurred in preparing and arguing its motion to enforce the judgment enforcement agreement, this does not end our inquiry. Indeed, Strategic Law also sought to "recover reasonable attorney's fees and expenses of litigation incurred . . . *from the date of the rejection of the offer of settlement through the entry of judgment*" pursuant to OCGA § 9-11-68. Because this request for fees includes amounts unrelated to the motion to enforce, it is necessary for us to address Strategic Law's second enumeration of error.[4]

(b) As noted previously, Strategic Law argues that the court erred in denying its motion for fees pursuant to OCGA § 9-11-68 because the statute applies to consent judgments and only requires a judgment of sufficient size to trigger a fee award. We agree and find that it was error to deny attorney fees under OCGA § 9-11-68, Georgia's offer of settlement statute. See *Richardson v. Locklyn*, 339 Ga. App. 457, 459 (793 SE2d 457) (2016) (referring to OCGA § 9-11-68 as Georgia's "offer of settlement statute").

---

[4] While we recognize that appellees paid the debt before the hearing on the motion to enforce the judgment enforcement agreement, payment of that debt did not obviate the need for a hearing on attorney fees.

7

OCGA § 9-11-68 applies to written offers to settle tort claims and provides, in pertinent part,

> [a]t any time more than 30 days after the service of a summons and complaint on a party but not less than 30 days (or 20 days if it is a counteroffer) before trial, either party may serve upon the other party, but shall not file with the court, a written offer, denominated as an offer under this Code section, to settle a tort claim for the money specified in the offer and to enter into an agreement dismissing the claim or to allow judgment to be entered accordingly. . . .

OCGA § 9-11-68 (a). Subsection (b) (2) further provides that

> [i]f a plaintiff makes an offer of settlement which is rejected by the defendant and the plaintiff recovers a final judgment in an amount greater than 125 percent of such offer of settlement, the plaintiff shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the plaintiff or on the plaintiff's behalf from the date of the rejection of the offer of settlement through the entry of judgment.

OCGA § 9-11-68 (b) (2).

Strategic Law made an offer of settlement in the amount of $3,000. The consent judgment provided that "[j]udgment is hereby entered equally and in the whole amount on all Counts against both [appellees], jointly and severally, in the amount of $3,755. . . ." The amount of the consent judgment was greater than 125

8

percent of the offer of settlement. Having established that the amount of the consent agreement satisfies the statute, we turn to whether the statute in fact applies to consent agreements.

The offer of settlement statute clearly encourages "litigants in tort cases to make and accept good faith settlement proposals in order to avoid unnecessary litigation, thereby advancing this State's strong public policy of encouraging negotiations and settlements." (Citation and punctuation omitted.) *Tiller v. RJJB Associates*, 331 Ga. App. 622, 627 (1) (c) (770 SE2d 883) (2015). We recognize that "a consent judgment differs from a judgment rendered on the merits in that it results from an affirmative act of the parties rather than the considered judgment of the court following litigation of the issues." (Citation and punctuation omitted.) *Brown & Williamson Tobacco Corp. v. Gault*, 280 Ga. 420, 423 (3) (627 SE2d 549) (2006). However, Georgia law is clear that a consent judgment "is accorded the [same] weight and finality of a judgment." Id. at 424 (3). See also *Morgan County Bd. of Tax Assessors v. Vantage Products Corp.*, 323 Ga. App. 823, 825-826 (748 SE2d 468) (2013) ("a consent judgment has the same preclusive effect as any other final judgment"). Cf. *Maher v. Gagne*, 448 U. S. 122, 129 (I) (100 SC 2570, 65 LEd2d 653) (1980) (in action brought pursuant to 42 USC § 1983, Court recognized that

9

settlement agreement enforced through a consent decree may serve as the basis for an award of attorney fees). As such, OCGA § 9-11-68 applies and the trial court incorrectly ruled that "the statute was [not] meant to apply to consent judgments." Accordingly, we reverse and remand this case to the trial court for a hearing to reconsider Strategic Law's claim for attorney fees pursuant to OCGA § 9-11-68 or for other proceedings consistent with this opinion.

*Judgment reversed and case remanded with direction. Dillard, C. J. and Ray, P. J., concur*.