**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**April 26, 2019**

# In the Court of Appeals of Georgia

A19A0337. STRATEGIC LAW, LLC v. PAIN MANAGEMENT & WELLNESS CENTERS OF GEORGIA, LLC et al.

BROWN, Judge.

This is the second appearance of this case before this Court involving a consent agreement settling an underlying lawsuit for breach of contract and fraud filed by Strategic Law, LLC against its former clients, Pain Management & Wellness Centers of Georgia, LLC, and Isaac Cohen (collectively "Pain Management"). See *Strategic Law v. Pain Mgmt. & Wellness Centers of Ga.*, 343 Ga. App. 444 (806 SE2d 880) (2017) ("*Strategic I*"). Following a hearing after remittitur, Strategic Law appeals the trial court's rulings on its motions for attorney fees pursuant to the consent agreement and OCGA § 9-11-68. For reasons that follow, we affirm in part, reverse in part, and remand the case with direction.

A detailed history of this case may be found in *Strategic I*. For purposes of this appeal, it is necessary to point out that after Pain Management failed to make a timely payment under the consent agreement, Strategic Law moved to enforce the consent agreement, and also filed a motion for attorney fees pursuant to the terms of the consent agreement and motion for attorney fees under OCGA § 9-11-68. The trial court denied the motion to enforce the agreement as moot because Pain Management had paid the balance owed under the agreement, and denied both motions for fees. In its first appearance, we reversed the denial of the motion for fees filed pursuant to the consent agreement, concluding that it was an enforceable contract, and remanded "for the trial court's determination of the amount of reasonable fees to be awarded to Strategic Law under this motion." *Strategic I*, 343 Ga. App. at 447 (a). With regard to the fees under OCGA § 9-11-68, we found erroneous the trial court's conclusion that the statute did not apply to consent judgments, and we "reverse[d] and remand[ed] . . . for a hearing to reconsider Strategic Law's claim" under the statute. Id. at 343 Ga. App. at 449 (b).

Following remittitur, the trial court held a hearing as instructed. At the hearing, Strategic Law argued that it was entitled to attorney fees in the amount of $7,937 related to enforcing the consent agreement. That amount included time spent

preparing the motion, as well as appearances in court after the appeal.[1] Strategic Law

also argued that under OCGA § 9-11-68 it was entitled to $88,190.75 in attorney fees

incurred after Pain Management rejected its offer of settlement.

The trial court awarded $3,060 to Strategic Law for attorney fees incurred in

connection with the motion to enforce through the time of its first order at issue in

*Strategic I*. It declined to award fees incurred after its first order because those fees

were not caused by Pain Management; rather, the fees were caused by Strategic Law's

appeal of the original order and this Court's remand. As for the motion to award fees

under OCGA § 9-11-68, the trial court denied any amount, reasoning that the offer

of settlement did not meet all the statutory requirements,[2] was made in bad faith, and

that the fees sought were excessive.

---

[1] Strategic Law did not request fees incurred on appeal.

[2] Specifically, the trial court ruled that the offer of settlement did not state with particularity the amount proposed to settle the punitive damages claim, OCGA § 9-11-68 (a) (6), and contained ambiguities and uncertain terms in violation of OCGA § 9-11-68 (a) (2), (4). For example, the offer excluded claims for attorney fees, costs, and prejudgment interest, but also offered to dismiss the case with prejudice, and did not specifically identify the party or parties receiving the offer, simply noting "Defendant."

1. In its first enumeration of error, Strategic Law contends that by refusing to award the attorney fees incurred after its original order, the trial court erroneously disregarded the parties' agreement. We agree.

As set out in *Strategic I*, the judgment enforcement agreement/payment agreement provided:

> The Parties agree that time is of the essence, and that the failure of Strategic Law to actually receive the amounts specified above on the dates and in the manners identified above shall serve to nullify this Agreement, requiring payment in full of all remaining amounts immediately, and entitling Strategic Law to its reasonable attorneys' fees and costs in enforcing the same.

(Punctuation omitted.) 343 Ga. App. at 445. "In Georgia, it is the function of the court to construe [a] contract as written and not to make a new contract for the parties." (Citation and punctuation omitted.) *Waste Mgmt. of Metro Atlanta v. Appalachian Waste Systems*, 286 Ga. App. 476 (649 SE2d 578) (2007). "[P]arties to a contract may establish by its terms any subject matter in which they have an interest so long as it is not prohibited by statute or public policy." *Hope & Assoc. v. Marvin M. Black Co.*, 205 Ga. App. 561 (1) (422 SE2d 918) (1992). Attorney fees are one such subject

4

matter: "[A]ttorney[] fees are recoverable . . . when authorized *by statute or by contract*." (Citation and punctuation omitted; emphasis in original.) Id.

Strategic Law argues that the trial court erred by denying its request for additional fees incurred after remittitur as well as fees incurred by its other counsel "before and after appeal." In support of this argument, it points out that "[n]owhere in the contract between the parties is there any allocation-of-fault, because-of-the-Defendants, or any equivalent language as a condition of the payment of attorney[] fees." Strategic Law asserts that "the trial court simply grafted [this condition] into the parties' agreement without any basis in the agreement's language or any stated legal reasoning." We agree.

The parties agreed that time was of the essence and that Pain Management's failure to make timely payment would entitle Strategic Law to its reasonable attorney fees and costs in enforcing the parties' agreement. Where the parties contract for attorney fees, the courts will enforce that agreement. See *Johnson Real Estate Investments v. Aqua Indus.*, 282 Ga. App. 638, 643 (4) (639 SE2d 589) (2006). In this case, the trial court erred by failing to enforce Pain Management's promise to pay Strategic Law reasonable attorney fees and costs in enforcing the consent judgment. Accordingly, we reverse the trial court's denial of attorney fees incurred by Strategic

5

Law after the trial court's original order, and remand the case with direction that the trial court grant Strategic Law's request for reasonable attorney fees and costs incurred after the superior court received the remittitur following the first appeal, including any reasonable fees charged by Strategic Law's other counsel. While we note that our remand instruction in *Strategic I* instructed the trial court to determine "the amount of reasonable fees to be awarded to Strategic Law under *this motion*," the trial court interpreted our instruction too narrowly by limiting the amount of fees to those incurred before its first order. (Emphasis supplied.)

2. Strategic Law next argues that the trial court erred in denying its motion for fees pursuant to OCGA § 9-11-68, maintaining that there was a valid offer of settlement on which a judgment was obtained and that, therefore, the trial court erred in ruling that the offer of settlement did not meet all the statutory requirements, was made in bad faith, and that the fees sought were excessive. We disagree.

Pretermitting whether the offer of settlement met the statutory requirements, we find no abuse of discretion in the trial court's additional finding that the offer was not made in good faith. The offer of settlement statute, which applies to this case as explained previously, provides that either party may serve upon the other party a written demand or offer to settle a *tort* claim for a specific amount of money.

(Emphasis supplied.) OCGA § 9-11-68 (a). If such demand or offer is rejected, the rejected party may be entitled to recover attorney fees "if the final judgment varies sufficiently from the offer or demand."[3] (Citation and footnote omitted.) *Great West Cas. Co. v. Bloomfield*, 313 Ga. App. 180, 181 (721 SE2d 173) (2011).

> If a party is entitled to recover attorney fees and expenses of litigation because the judgment meets the requirements of OCGA § 9-11-68 (b), the court may determine that a settlement offer was not made in good faith in an order setting forth the basis for such a determination. In such case, the court may disallow an award of attorney fees and costs. OCGA § 9-11-68 (d).

(Punctuation omitted.) Id. This Court generally reviews awards of attorney fees for an abuse of discretion. See *Rogers v. Baliles*, 333 Ga. App. 725 (776 SE2d 659) (2015). We use the same standard to review a trial court's decision on whether a settlement offer was made in good or bad faith. See *Bloomfield*, 313 Ga. App. at 181.

---

[3] "If a plaintiff makes an offer of settlement which is rejected by the defendant and the plaintiff recovers a final judgment in an amount greater than 125 percent of such offer of settlement, the plaintiff shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the plaintiff or on the plaintiff's behalf from the date of the rejection of the offer of settlement through the entry of judgment." OCGA § 9-11-68 (b) (2).

7

In reaching its conclusion that Strategic Law's offer of settlement was not made in good faith, the trial court noted that (1) Strategic Law added a last-minute claim for fraud even though the case was "essentially one for breach of contract," and (2) the consent judgment was only $5 more than the amount required to invoke the attorney fees provision. The trial court further concluded that "awarding almost $90,000 in fees incurred to collect a $3,700 contract claim would be unreasonable and punitive." Despite Strategic Law's arguments to the contrary, we cannot conclude in this case that the trial court abused its discretion in deciding not to award attorney fees pursuant to OCGA § 9-11-68.[4]

*Judgment affirmed in part and reversed in part, and case remanded with direction. Barnes, P. J., and Mercier, J., concur.*

---

[4] Pursuant to this Court's order granting Strategic Law an extension of time to file its brief and enumerations of error, Pain Management's brief was due on November 5, 2018. Pain Management filed its brief on November 5, 2018, but the submission was rejected for failure to comply with Court of Appeals Rule 24. Pain Management refiled its brief and proper Rule 24 certification on November 6, 2018. Strategic Law moves to strike Pain Management's brief as being untimely filed. In the alternative, Strategic Law moves that we not consider the brief. Strategic Law's motion is denied.

Strategic Law has also filed a brief in opposition to Pain Management's motion to file a supplemental brief because the motion was filed without leave of Court in violation of Court of Appeals Rule 27 (a). Because we did not consider the supplemental brief in reaching our decision, this motion is denied as moot.