**SECOND DIVISION**
**RICKMAN, C. J.,**
**MILLER, P. J., PIPKIN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 7, 2023**

# In the Court of Appeals of Georgia

A22A1164. PALAZZO ROSA, LLC et al. v. DEAN.

MILLER, Presiding Judge.

In this civil dispute arising from construction activities that allegedly caused damage to a nearby residential property, Thierry Francois and Palazzo Rosa, LLC (collectively "defendants") appeal from the trial court's order denying their motion for attorney fees under the offer of settlement statute, OCGA § 9-11-68. On appeal, the defendants argue that the trial court erred by denying their motion for attorney fees because, although the case resolved through arbitration, the case began as a traditional civil action and thus attorney fees are permitted under OCGA § 9-11-68. We agree in part and, for the following reasons, we reverse the judgment of the trial court denying the defendants' motion for attorney fees and remand the case for proceedings consistent with this opinion.

"Because this appeal involves a question of law, we review both the record and the decision of the court below de novo." (Citation omitted.) *Alessi v. Cornerstone Assoc., Inc.*, 334 Ga. App. 490 (780 SE2d 15) (2015).

The record shows that Charles Dean is the owner of residential property in Atlanta, Georgia. Thierry Francois resides at property that is located approximately 1,600 feet from Dean's property and is owned by Palazzo Rosa, LLC. In August 2018, Dean filed suit against Palazzo Rosa LLC,Crescent View Engineering, LLC, (the property's landscaping contractor), Francois, and "John Does 1-10"[1] in Fulton County Superior Court and alleged claims for trespass and nuisance and sought injunctive relief, punitive damages, and attorney fees. The lawsuit was based on allegations that certain construction activities on Palazzo Rosa, LLC's property caused excessive stormwater, debris, sediments, silt, and other pollutants to be discharged and deposited onto Dean's property. Palazzo Rosa, LLC answered the complaint and asserted counterclaims against Dean for trespass, nuisance, invasion of privacy, and failure to investigate and sought injunctive relief, punitive damages, and attorney fees. Palazzo Rosa, LLC also filed a cross-claim against Crescent View and John Does 1-10, alleging that the parties would be liable to Palazzo Rosa LLC

[1] Dean later substituted Francois as "John Doe No. 1" in his complaint.

if it was found liable on Dean's claims. Francois and Crescent View Engineering also answered the complaint, discovery between the parties commenced, and the case was set for trial in July and August 2019.[2]

In June 2019, approximately 10 months after Dean filed suit against the defendants, the parties agreed to resolve the case through arbitration, and the trialcourt removed the case from the trial calendar. Nearly two months into the arbitration proceedings, the defendants submitted an offer of settlement to Dean, proposing to settle Dean's claims for $20,000, which Dean rejected. Following arbitration proceedings, the arbitrator found in favor of thedefendants on Dean's claims and on their counterclaims for trespass, and awarded the defendants $50.00.[3] The defendants then filed motions in the trial court to confirm the arbitration award

---

[2] Francois also filed counterclaims against Dean for trespass, nuisance, invasion of privacy, injunctive relief, punitive damages, failure to investigate, and attorney fees, and he filed a cross-claim against John Does 2-10, alleging that they would be liable to him in the event he was held liable on Dean's claims. Crescent View, who is not a party to this appeal, subsequently filed a motion to dismiss, which the trial court granted.

[3] Although the arbitrator directed a verdict in Dean's favor on one of the defendants' trespass claims, which concerned Dean using a drone to flyover the defendants' property, the arbitrator did not grant any monetary relief on that claim.

and to enter a final judgment, which the trial court granted. The defendants subsequently filed a motion for attorney fees pursuant to OCGA § 9-11-68, alleging that they were entitled to attorney fees because Dean rejected their offer of settlement and that they ultimately prevailed against him in the arbitration proceedings. The trial court denied the motion following a hearing, determining that, under this Court's prior decision in *Alessi*, supra, OCGA § 9-11-68 does not permit an award of attorney fees in cases that are resolved through arbitration proceedings. This appeal followed.

In their sole enumeration of error, the defendants argue that the trial court erred by denying their motion for attorney fees pursuant to OCGA § 9-11-68. Specifically, they argue that, although OCGA § 9-11-68 does not permit an attorney fees award in cases that are resolved through arbitration, they are nevertheless entitled to attorney fees because the case began in the traditional civil litigation context.

When interpreting provisions of a statute, such as OCGA § 9-11-68,

we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.... [I]f the statutory text is clear and unambiguous, we attribute to

4

the statute its plain meaning, and our search for statutory meaning is at an end.

(Citation and punctuation omitted). *Deal v. Coleman*, 294 Ga. 170, 172-73 (1) (a) (751 SE2d 337) (2013).

Georgia's offer of settlement statute, OCGA § 9-11-68, governs written offers to settle tort claims. *Strategic Law LLC v. Pain Mgmt. & Wellness Centers of Ga., LLC*, 343 Ga. App. 444, 447 (b) (806 SE2d 880) (2017). The statute "was enacted to encourage litigants in tort actions to make good faith efforts to settle cases in order to avoid unnecessary litigation," and it "applies when a party rejects a written good faith offer to settle a tort claim." (Citation omitted.) *Anglin v. Smith*, 358 Ga. App. 38, 39 (853 SE2d 142) (2020). Specifically, the statute states in part:

> At any time more than 30 days after the service of a summons and complaint on a party but not less than 30 days (or 20 days if it is a counteroffer) before trial, either party may serve upon the other party, but shall not file with the court, a written offer, denominated as an offer under this Code section, to settle a tort claim for the money specified in the offer and to enter into an agreement dismissing the claim or to allow judgment to be entered accordingly. . . . If a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of

5

the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.

OCGA § 9-11-68 (a) - (b) (1).

In *Alessi*, supra, we examined the scope of OCGA § 9-11-68 and its application to awards and judgments resulting from arbitration proceedings. In that case, pursuant to a contractual provision between homeowners and a residential construction company, the homeowners filed a demand for arbitration against the construction company and asserted various claims in connection with the construction of their home. *Alessi*, supra, 334 Ga. App. at 490-491. During the arbitration proceedings, the construction company tendered an offer of settlement to the homeowners, which the homeowners rejected. Id. at 491. The arbitrator subsequently issued a decision in which he awarded no monetary relief to either party. Id. The construction company then filed an application to confirm the arbitration award in the trial court, and it also requested attorney fees and expenses pursuant to OCGA § 9-11-68. Id. at 492. The trial court entered an order confirming the arbitration award and granting the construction company's request for attorney fees. Id.

On appeal, we reversed the trial court's order granting the construction company's request for attorney fees under OCGA § 9-11-68. *Alessi*, supra, 334 Ga. App. at 495. We reasoned that "the plain language of OCGA § 9-11-68 reflects that the legislature contemplated that it would apply only in the context of traditional civil litigation and not in the context of alternative dispute resolution." Id. at 493. We made this determination based on the "General Assembly's failure to include any reference to arbitration proceedings in the express language of OCGA § 9-11-68[,]" and that at the time the General Assembly "enacted OCGA § 9-11-68, [it] was aware that arbitration awards can result in judgments of the court." Id. at 495. Still, "the legislature did not include settlement offers made during the course of arbitration within the express provisions of OCGA § 9-11-68." Id. We further reasoned that "an arbitration proceeding is not a trial." Id. at 493.

OCGA § 9-11-68 specifically states that it applies "after the service of a summons and complaint on a party." *Alessi*, however, began as an arbitration proceeding and remained an arbitration proceeding throughout. Here, this case is distinguishable from *Alessi* because it began in a traditional civil litigation context with Dean serving a summons and complaint upon the defendants. Additionally, after the case was referred to arbitration, the parties continued to serve discovery requests,

7

file notices of depositions, requests for documents, amended answers, and other motions upon each other.

Clearly, under *Alessi*, in cases that solely involve arbitration proceedings from start to finish, attorney fees under OCGA § 9-11-68 are not recoverable. This case, however, was a hybrid case which began with the service of a summons and compliant and involved both litigation and arbitration. Thus, we conclude that attorney fees incurred during the litigation portion of the case should be recoverable, while attorney fees incurred during the arbitration portion of the proceeding should not. See *Strategic Law LLC v. Pain Managment & Wellness Centers of GA, LLC et al.*, 343 Ga. App. 444, (806 SE2d 880) (2017) (reversing and remanding to the trial court for it to reconsider plaintiff's claim for attorney fees under OCGA § 9-11-68 when the case ended in a consent judgment, but originated with a lawsuit).

In sum, and to clarify our ruling, we reiterate that, consistent with *Alessi*, attorney fees are not recoverable under OCGA § 9-11-68 in cases that begin and end in arbitration. However, in hybrid cases that initially begin in the traditional litigation context with the service of a summons and a complaint, attorney fees are recoverable for the work that was performed during the litigation proceedings, notwithstanding any subsequent arbitration. Accordingly, we remand this case for the trial court to

8

reconsider the defendants' claim for attorney fees pursuant to OCGA § 9-11-68 (b) (1) and in doing so, to parse out attorney fees and expenses that were incurred during the litigation portion of the proceedings.

*Judgment reversed and case remanded. Rickman, C. J., and Pipkin, J., concur.*